IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Lt. Commander KENNETH J. WHITWELL, U.S. Navy, | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A.No.05-796-SLR |
| ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity, | : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFF'S RULE 55(a) MOTION TO THE CLERK
FOR AN ENTRY OF DEFAULT**

Pursuant to Fed.R.Civ.P. 55(a), plaintiff Moves the Clerk to enter the default of defendant Edward Smith in this action.

**Facts**

On November 17, 2005, Plaintiff filed his Complaint. (D.I. 1). Service on defendant Smith was achieved on January 3, 2006. (See D.I. 5). Under Fed.R.Civ.P. 12(a)(1)(A), Smith's Answer was due on January 23, 2006,

In mid-January, undersigned counsel was telephonically contacted by a Tom Burgstrum who indicated he was defendant Smith's personal attorney. Upon request, a 30 day extension of time to Answer the Complaint was orally granted to Smith. Accordingly, Smith's Answer was due on February 23, 2006.

However, despite the granting of this extension and the passage of more than two months since service was executed, defendant Smith has failed to file either an Answer or any other responsive pleading.[1]

### Discussion

Fed.R.Civ.P. 55(a) states that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

As the docket and factual recitation set forth above makes clear, defendant Smith has failed to file an Answer. Nor has he filed a Motion to dismiss or otherwise challenged matters such as service, venue or the sufficiency of the Complaint.[2]

Defendant Smith has defaulted and failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Accordingly, Fed.R.Civ.P. 55(a) now requires that "the clerk shall enter the party's default."

Plaintiff waives an opening brief in support of this Motion.

---

[1] Since mid-January, plaintiff has not been contacted by either Smith or any representative on his behalf.

[2] See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, 16 (1998) (noting that the "words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading").

                    Respectfully Submitted,

                    **THE NEUBERGER FIRM, P.A.**

                    /s/ Stephen J. Neuberger
                    **THOMAS S. NEUBERGER, ESQ. (#243)**
                    **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                    Two East Seventh Street, Suite 302
                    Wilmington, Delaware 19801
                    (302) 655-0582
                    TSN@NeubergerLaw.com
                    SJN@NeubergerLaw.com

Dated: April 10, 2006        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 10, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Anthony G. Flynn, Esq.
      Young Conaway Stargatt & Taylor, LLP
      1000 West Street, 17th Floor
      P.O. Box 391
      Wilmington, DE 19899-0391


      Mark L. Reardon, Esq.
      Ezlufon Austin Reardon Tarlov & Mondell, P.A.
      300 Delaware Avenue, Suite 1700
      P.O. Box 1630
      Wilmington, DE 19899-1630


      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

Whitwell / Pleadings / Motion for Entry of Default.FINAL