IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lt. Commander KENNETH J. WHITWELL, U.S. Navy, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :     C.A.No.05-796-SLR <br> : |
| ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**PLAINTIFF'S RULE 55(b) MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT SMITH AND FOR A TRIAL ON DAMAGES**

Pursuant to Fed.R.Civ.P. 55(b)(2), plaintiff Moves this Court to enter a default judgment against defendant Edward Smith and to schedule a hearing or trial on damages at a time convenient to this Honorable Court.

**Facts**

On November 17, 2005, Plaintiff filed his Complaint. (D.I. 1). Service on defendant Smith was achieved on January 3, 2006. (See D.I. 5). Under Fed.R.Civ.P. 12(a)(1)(A), Smith's Answer was due on January 23, 2006,

In mid-January, undersigned counsel was telephonically contacted by a Tom Burgstrum who indicated he was defendant Smith's personal attorney. Upon request, a 30 day extension of time to Answer the Complaint was orally granted to Smith. Accordingly, Smith's Answer was

due on February 23, 2006.

However, despite the granting of this extension and the passage of more than two months since service was executed, defendant Smith has failed to file either an Answer or any other responsive pleading.[1]

### **Discussion**

As the docket and factual recitation set forth above makes clear, defendant Smith has failed to file an Answer.  Nor has he filed a Motion to dismiss or otherwise challenged matters such as service, venue or the sufficiency of the Complaint.

Despite proper service, defendant Smith has failed to follow one of the most fundamental provisions of the Federal Rules of Civil Procedure - filing an answer to a complaint that was duly filed and served.  And "[b]ecause defendant[ ] [Smith has] failed to answer, move or otherwise respond to the complaint, the entry of default judgment against [him] is appropriate." Compendia Songs v. On Top Communications, 2004 WL 2898070, at *2 (D.Del. Nov. 15, 2004).

Defendant has failed to answer, move or otherwise respond to the Complaint.  As a result, "the entry of default judgment against [him] is appropriate." Id.[2]

Since liability under all three Counts of the Complaint has thus been established, pursuant to Fed.R.Civ.P. 55(b)(2), plaintiff respectfully requests that a hearing or trial be scheduled at

---

[1] Since mid-January, plaintiff has not been contacted by either Smith or any representative on his behalf.

[2] Contemporaneously with this Motion, plaintiff has filed a Rule 55(a) Motion to the Clerk to enter defendants' default. See Limehouse v. Delaware, 2004 WL 502162, *1 (D.Del. March 3, 2004) (requiring the filing of such a motion).  The Court's default judgment will thus act upon this entry of default.

which evidence can be presented to determine the amount of compensatory and punitive damages due to plaintiff.

Plaintiff waives an opening brief in support of this Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 10, 2006        Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lt. Commander KENNETH J. WHITWELL, U.S. Navy, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :  C.A.No.05-796-SLR |
| ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity, | : |
| | : |
| Defendants. | : |

## ORDER

This _____ day of _____, 2006, it is hereby ORDERED that a default judgment is entered against defendant Edward Smith in this action.

A hearing or trial on damages shall be held on _____, to determine the amount of compensatory and punitive damages due to plaintiff.

_____
**THE HONORABLE SUE L. ROBINSON, U.S.D.J.**

# Unreported Opinions



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925
**(Cite as: 2004 WL 2898070 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

United States District Court,
D. Delaware.
**COMPENDIA SONGS,** Jonathan Chico Debarge
(d/b/a Joseph's Dream), Chuch Boyz
Publishing, Detabob Music, Ill Thoughtz, Music of
Dreamworks, and Zomba
Melodies, Inc., Plaintiffs
v.
ON TOP COMMUNICATIONS, LLC, on Top
Communications of Mississippi, LLC, on Top
Communications of Virginia, LLC, on Top
Communications of Louisiana, LLC, and
Steve Hegwood, Defendants.
**No. Civ.A.04-252-GMS.**

Nov. 15, 2004.

Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiffs.

*MEMORANDUM*

SLEET, J.

I. INTRODUCTION

**\*1** On April 20, 2004, Compendia Songs ("Compendia"), Jonathan Chico DeBarge, d/b/a Joseph's Dream ("Joseph's Dream"), Chuch Boyz Publishing ("Chuch"), DETABOB Music ("DETABOB"), Ill Thoughtz ("Ill Thoughtz"), Music of Dream Works ("Dream Works"), and Zomba Melodies, Inc. ("Zomba") (collectively, "the plaintiffs") filed this action for willful copyright infringement of musical compositions against On Top Communications, LLC ("On Top"), On Top Communications of Mississippi, LLC ("On Top-MS"), On Top Communications of Virginia, LLC ("On Top-VA"), On Top Communications of Louisiana, LLC ("On Top-LA"), and Steve Hegwood ("Hegwood") (collectively, "the defendants") to obtain monetary and injunctive relief in addition to reasonable attorneys' fees and costs. *See* 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). Although all of the defendants were served with a summons and a copy of the complaint, each failed to answer, move, or otherwise respond to the pleading. For this reason, the clerk of the court declared the defendants in default on June 10, 2004. *See* Fed.R.Civ.P. 55(a). The plaintiff's subsequently moved for the entry of a default judgment against the defendants. *See* Fed.R.Civ.P. 55(b). On October 4, 2004, the court held a hearing in order to determine whether the relief which the plaintiffs were requesting was reasonable. After considering the arguments and evidence presented by the plaintiffs at this hearing, the court concludes that, in addition to injunctive relief, monetary damages in the amount of $25,000 per musical composition infringed by each of the defendants (for a total of $200,000), and reasonable attorneys' fees and costs in the amount of $13,660 and $290, respectively, are appropriate given the facts of this case. The court bases its decision on the following reasons.

II. BACKGROUND

According to the complaint, the plaintiffs are affiliates of SESAC, Inc. ("SESAC"), a performing rights society, as defined under 17 U.S.C. § 101. The plaintiffs are the publishers and copyright owners of the allegedly infringed musical compositions. [FN1] The plaintiff's have granted SESAC the right to license, protect, and enforce public performance rights in their copyrighted musical compositions. The defendants On Top, On Top-MS, On Top-VA, and On Top-LA (collectively, the "On Top defendants") are Delaware limited liability companies engaged in the business of owning and operating commercial radio stations under license from the Federal Communications Commission (the "FCC"). [FN2] Hegwood is the chief executive officer ("C.E.O.") of the On Top defendants, and has the ability to control the policies and practices of their radio stations, including the licensing and performance

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                     Page 2
Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925
**(Cite as: 2004 WL 2898070 (D.Del.))**

of music on the radio stations. Thus, Hegwood is responsible for any decision to license public performance rights for musical compositions through SESAC, or the other two performing rights societies in the United States.

> FN1. The infringed musical compositions are "Be Encouraged," published and owned by Compendia; "No Guarantee," published and owned by Joseph's Dream; and "(You Made Me Ooh Girl) Deep," published and owned by Chuch, DETABOB, Ill Thoughtz, Dream Works, and Zomba.

> FN2. On Top-MS owns and operates WRJH-FM ("WRJH"), Rankin Mississippi; On Top-VA owns and operates WWHV-FM ("WWHV"), Norfolk, Virginia; On Top-LA owns and operates KNOU-FM ("KNOU"), Jefferson, Louisiana.

**\*2** The radio stations owned by the On Top defendants and controlled by Hegwood, WRJH, WWHV, and KNOU, publicly performed the copyrighted compositions "Be Encouraged," "No Guarantee," and "(You Made Me Ooh Girl) Deep" on multiple occasions without a license or other authorization:
 • On September 11, 2002 and November 19, 2002, WRJH publicly performed "Be Encouraged;"
 • On April 29, 2003, September 30, 2003, and February 12, 2004, WWHV publicly performed "Be Encouraged;"
 • On September 30, 2003, KNOU publicly performed "Be Encouraged;"
 • On June 27, 2003, WRJH, WWHV, and KNOU publicly performed "No Guarantee;"
 • Between January 7, 2003 and February 14, 2003, KNOU publicly performed "(You Made Me Ooh Girl) Deep;" and
 • On February 14, 2003, WWHV publicly performed "(You Made Me Ooh Girl) Deep."

During the course of monitoring radio station broadcasts, SESAC detected the unauthorized public performance of the plaintiffs' copyrighted compositions. Beginning in or about July 2001, SESAC contacted the defendants, by telephone and in writing, urging them to obtain a license authorizing the public performance of the plaintiffs' copyrighted compositions. SESAC received no response from the defendants and ultimately decided to initiate litigation on behalf of the plaintiffs. Prior to filing its complaint with the court, SESAC's counsel wrote to the defendants to attempt to get the defendants to enter into negotiations with it, comply with the copyright law, and obtain a license to publicly perform the musical compositions. The defendants again ignored SESAC's efforts to amicably resolve the matter. On October 9, 2003, SESAC's counsel sent the defendants another letter, again attempting to avoid litigation, in which it enclosed a copy of the draft complaint. The defendants did not respond to SESAC's letter. On March 25, 2004, Patrick Collins ("Collins"), the president and chief operating officer of SESAC, personally wrote to the defendants in a final attempt to avoid litigation. Collins pointed out that it would be in the defendants' best interest, financially, to obtain a license. Collins also called Hegwood three times between April 5, 2004 and April 12, 2004, in an attempt to arrive at a non-litigated business solution to the defendants' infringing conduct. Collins' calls were to no avail. Finally, after SESAC had received no response at all from the defendants over the course of approximately two years and nine months of repeated attempts at negotiation, the plaintiffs filed a complaint on April 20, 2004.

III. DISCUSSION

Because the defendants have failed to answer, move, or otherwise respond to the complaint, the entry of default judgment against them is appropriate. *Palmer v. Slaughter,* No. Civ. A. 99-899, 2000 WL 1010261, at \*2 (D.Del. July 13, 2000). When a default judgment is entered on the well pled allegations of a complaint, the defendant's liability is established. *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 658 (S.D.N.Y.1996); *Schwartz-Liebman Textiles v. Last Exit Corp.,* 815 F.Supp. 106, 107 (S.D.N.Y.1992). The court, however, is required to calculate the appropriate amount of damages. It cannot simply accept the plaintiff's representations on this subject as being true. *See Broadcast Music,* 919 F.Supp. at 658; *Schwartz-Liebman,* 815 F.Supp. at 107.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                      Page 3
Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925
**(Cite as: 2004 WL 2898070 (D.Del.))**

*\*3* In the motion for default judgment, the plaintiffs request statutory damages in the amount of $25,000 per musical composition infringed by each of the defendants, for a total award of statutory damages in the amount of $200,000. [FN3] The plaintiffs further seek a permanent injunction, and to recover reasonable attorneys' fees and costs. *See* 17 U.S.C. §§ 502(a), 505.

> FN3. The maximum amount of statutory damages for copyright infringement is $150,000 per infringer per work. *See* 17 U.S.C. § 504.

On October 4, 2004, the court held a hearing to determine whether the plaintiffs' requests were reasonable. *Cf. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997) (noting that even though a hearing might not be required, the court "should take the necessary steps to establish damages with reasonable certainty"); *accord James v. Frame,* 6 F.3d 307, 310 (5th Cir.1993). After considering the plaintiffs arguments and the evidence which was presented at the hearing, the court concludes that the following relief is warranted: (1) an injunction which prohibits the defendants from publicly performing the plaintiffs' musical compositions; (2) statutory damages in the amount of $25,000 for each defendant per musical composition infringed; and (3) attorneys' fees and costs in the amount of $13,660 and $290, respectively. The following sections explain the bases for this ruling more thoroughly.

A. Injunctive Relief

Given the allegations of the complaint, there can be no question that the defendants knowingly infringed on the plaintiffs intellectual property rights by publicly performing the plaintiffs' copyrighted musical compositions without a license or other authorization. Furthermore, the defendants appear to have engaged in this conduct repeatedly, even after being contacted by SESAC to negotiate and obtain a license. Therefore, the plaintiffs are entitled to a permanent injunction under 17 U.S.C. § 502(a) to prevent the defendants from engaging in this type of conduct in the future. *See, e.g., Broadcast Music,* 919 F.Supp. at 659; *JoBete Music Co. v. Hampton,* 864 F.Supp. 7, 9 (S.D.Miss.1994); *Music City,* 616 F.Supp. at 1002-03.

B. Statutory Damages for Copyright Infringement

Under 17 U.S.C. § 504©, the plaintiffs are entitled to "recover, instead of actual damages and profits, an award for infringements in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, if the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). As the D.C. Circuit has explained, "statutory damages are to be calculated according to the number of works infringed, not the number of infringements." *See Walt Disney Co. v. Powell,* 897 F.2d 565, 569 (D.C.Cir.1990); *accord Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-44 (5th Cir.1992) ("[I]f a plaintiff proves that one defendant committed five separate infringements of one copyrighted work, that plaintiff is entitled to only one award of statutory damages...."). In this case, the plaintiffs do not seek the maximum amount of statutory damages ($150,000) for the defendants' allegedly willful infringement of each of the three copyrighted musical compositions. Instead, the plaintiffs seek $25,000 from each defendant for each musical composition infringed.

*\*4* An award of statutory damages serves two purposes. It compensates the plaintiff for the infringement of its copyrights while, at the same time, serving as a deterrent by punishing the defendant for its unlawful conduct. *See Broadcast Music,* 919 F.Supp. at 659; *Schwartz-Liebman,* 815 F.Supp. at 108; *Music City,* 616 F.Supp. at 1003. When determining the appropriate level of statutory damages, the court must consider a number of factors, including the expenses saved and the profits earned by the defendant, the revenues lost by the plaintiff, and the defendants' state of mind. *See Broadcast Music,* 919 F.Supp. at 659-60; *JoBete Music,* 864 F.Supp. at 9; *Almo Music,* 798 F.Supp. at 394. Normally, it is the blameworthiness of the defendant which weighs the heaviest in the court's analysis. *See Almo Music,* 798 F.Supp. at 394 (citing *Milene Music,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                             Page 4
Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925
**(Cite as: 2004 WL 2898070 (D.Del.))**

*Inc. v. Gotauco,* 551 F.Supp. 1288, 1296 (D.R.I.1982)).

Here, the court has no doubt that the defendants have willfully infringed the plaintiffs' copyrights. Given the allegations of the complaint, which must be taken as true given the default, the defendants were repeatedly contacted by SESAC and told to stop publicly performing the plaintiffs' musical compositions or to obtain a license to perform them legally. Regardless, the defendants never responded to SESAC's letters, even those that included copies of draft complaints, and continued to publicly perform the compositions. Thus, it is clear that the defendants were acting willfully and knowingly when they publicly performed the musical compositions on their radio stations without a license.

It is also equally clear that the statutory damages award that the plaintiffs request is reasonable and not excessive. The plaintiffs could have asked the court to award the maximum amount statutory damages: $150,000 from each defendant for each infringed work (for a total statutory damages award of over one million dollars). However, the plaintiffs instead requested an award of $25,000 from each defendant per infringed work (for a total statutory damages award of $200,000). As several district courts have observed, it is important to place infringers on notice that "it costs less to obey the copyright laws than to violate them." *See Broadcast Music,* 919 F.Supp. at 660 (quoting *Rodgers v. Eighty Four Lumber Co.,* 623 F.Supp. 889, 892 (W.D.Pa.1985)); *accord Almo Music,* 798 F.Supp. at 394 (quoting *Music City,* 616 F.Supp. at 1003); *see also JoBete Music,* 864 F.Supp. at 10 ("[I]n order to serve as a deterrent to copyright violators ... it is deemed necessary and reasonable to allow recovery in excess of the license rate...."). Thus, under the facts of this case, the court believes that a statutory damages award of $25,000 from each defendant per work would appear to adequately punish the defendants for their actions and, thus, deter both them and others from violating the copyright laws in the future.

C. Attorneys' Fees and Costs

***5** The court will also award the plaintiffs reasonable attorneys' fees and costs incurred during this action. *See* 17 U.S.C. § 505. This court has awarded reasonable fees and costs in actions for copyright infringement, as an award of reasonable fees and costs tends to be the rule rather than the exception in actions for copyright infringement. *See Palmer,* 2000 WL 1010261, at *6-7 (citations omitted). When determining an appropriate amount to award, the court should again take into account the twin considerations of compensation and deterrence. *See Broadcast Music,* 919 F.Supp. at 660-61. In particular, when there appears to be significant merit to a plaintiff's case, the court should focus its analysis on whether the defendant was acting intentionally, willfully, or in bad faith. *See id.* at 661.

Here, the failure of these defendants to respond to SESAC, after repeated attempts to resolve the matter without filing a law suit, demonstrates the willfulness of their conduct. Furthermore, after being contacted by SESAC and informed of their infringing behavior, the defendants decided to forego licensing the public performance rights through SESAC or another performing rights organization. The defendants deliberately performed copyrighted musical works publicly and without a license in an attempt to avoid the licensing fees. After the plaintiffs commenced their law suit, the defendants did not appear. Instead, they ignored the court and the legal process, while continuing to publicly perform the musical compositions without compensating the plaintiffs. Given these facts, an award of reasonable attorneys' fees and costs is appropriate. However, the request for $18,660 in fees is somewhat excessive. [FN4] Admittedly, some of these expenses seem proper. For example, the attorneys spent nearly ten hours on research and drafting prior to filing the complaint.

> FN4. Local counsel billed $1232.50 and lead counsel billed $17,427.50 in fees for a total of $18,660.

Nevertheless, there appear to be some excessive charges on the billing statements submitted to the court. For example, preparing the default judgment motion papers resulted in over $10,550 in fees, including $4,400 for legal research. In addition, the attorneys billed $4,400 for preparing for and participating in the default hearing, which lasted approximately one half hour. Taking these factors into account, the court will

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 5
Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925
**(Cite as: 2004 WL 2898070 (D.Del.))**

award the plaintiffs $13,660 in attorneys' fees. Lead counsel shall receive $12,427.50 of this allocation, and local counsel shall receive the $1,232.50 balance.

Finally, the plaintiffs have requested $290 in costs, for the cost of the filing fee and cost of service. These costs are not excessive. The court will, therefore, award costs in the full amount.

V. CONCLUSION

In order to adequately compensate the plaintiffs for the violation of their copyrights and to sufficiently punish the defendants for their misconduct, the court will afford the plaintiffs the injunctive relief which they request, in addition to awarding them statutory damages under the Copyright Act in the amount of $200,000. The court will also award the plaintiffs attorneys' fees and costs in the amount of $13,660 and $290, respectively. The court will issue an order to this effect in conjunction with this opinion.

*ORDER*
**\*6** For the reasons stated in the court's Memorandum Opinion of this date, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. On Top Communications, LLC ("On Top"), On Top Communications of Mississippi, LLC ("On Top-MS"), On Top Communications of Virginia, LLC ("On Top-VA"), On Top Communications of Louisiana, LLC ("On Top-LA"), and Steve Hegwood ("Hegwood") (collectively, "the defendants") and their agents, servants, and employees, and all other persons in active concert or participation with any of them, are PERMANENTLY ENJOINED from publicly performing the compositions "Be Encouraged," "No Guarantee," and "(You Made Me Ooh Girl) Deep," and from causing, permitting or aiding and abetting their public performance by the radio stations WRJH-FM, WWHV-FM, and KNOU-FM and web sites owned, operated or controlled by the defendants.

2. The defendants and their agents, servants, and employees, and all persons in active concert or participation with any of them, are PERMANENTLY ENJOINED from publicly performing any other copyrighted compositions published by Compendia Songs ("Compendia"), Jonathan Chico DeBarge, d/b/a Joseph's Dream ("Joseph's Dream"), Chuch Boyz Publishing ("Chuch"), DETABOB Music ("DETABOB"), Ill Thoughtz ("Ill Thoughtz"), Music of Dream Works ("Dream Works"), and Zomba Melodies, Inc. ("Zomba") (collectively, "the plaintiffs") without a license from SESAC, Inc. or authorization from any other source.

3. Pursuant to 17 U.S.C. § 504, judgment in the amount of $75,000 be and is hereby ENTERED in favor of Compendia against each of the defendants.

4. Pursuant to 17 U.S.C. § 504, judgment in the amount of $75,000 be and is hereby ENTERED in favor of Joseph's Dream against each of the defendants.

5. Pursuant to 17 U.S.C. § 504, judgment in the amount of $50,000 be and is hereby ENTERED in favor of Chuch, DETABOB, Ill Thoughtz, Dream Works, and Zomba against each of the defendants.

6. Pursuant to 17 U.S.C. § 505, attorneys' fees in the amount of $13,660 are AWARDED in favor of the plaintiffs and against the defendants.

7. Pursuant to 17 U.S.C. § 505, costs in the amount of $290 are TAXED against the defendants.

Not Reported in F.Supp.2d, 2004 WL 2898070 (D.Del.), 2005 Copr.L.Dec. P 28,925

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV00252 (Docket) (Apr. 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 502162 (D.Del.)
**(Cite as: 2004 WL 502162 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Keith D. LIMEHOUSE Plaintiff,
v.
STATE of Delaware, Joseph R. Slights, in his official capacity as Superior
Court Judge, Mike Murphy, in his official capacity as an employee of the Office
of the Prothonotary of Newcastle County Courthouse, Delaware State Capital
Police, William Jopp, in his official capacity as Chief of Delaware State
Capital Police, and Raymond W. Cobb, Defendants.
**No. Civ. 03-844-SLR.**

March 3, 2004.

Keith D. Limehouse, pro se, Wilmington, DE, for plaintiff.

Stuart B. Drowos, Raymond W. Cobb, Raymond W. Cobb, LLC, Wilmington, DE, for defendants.

MEMORANDUM ORDER

ROBINSON, J.

**\*1** At Wilmington, this 3rd day of March, 2004, having reviewed plaintiff's motion for partial default judgment (D.I.7), plaintiff's motion to strike (D.I.8), defendants' motions to dismiss (D.I.11, 15), and the memoranda submitted thereto;

IT IS ORDERED that defendants' motions to dismiss (D.I.11, 15) shall be granted and plaintiff's motions (D.I.7, 8) denied for the reasons that follow:

1. Plaintiff filed the present action on August 29, 2003 alleging civil rights violations brought pursuant to 42 U.S.C. §§ 1983, 1985. (D.I.1) Plaintiff contends that defendant Cobb filed a false representation which resulted in the deprivation of plaintiff's equal protection of the law. (D.I.1, ¶¶ 21-27) The State of Delaware, Delaware Superior Court Judge Joseph R. Slights, Mike Murphy, an employee in the Office of the Prothonotary of New Castle County, and William Jobb, Chief of the Delaware State Capitol Police (the "State defendants"), are alleged to have conspired with Cobb in violation of § 1985 to interfere with plaintiff's civil rights. (D.I.1, ¶¶ 28-45)

2. On September 22, 2003, Cobb filed a motion to extend the time to file an answer (D.I.5), which was granted by the court on September 24. Subsequently, on September 25, plaintiff filed a motion to strike Cobb's motion for an extension. As a consequence of the court's September 24 order, plaintiff's motion to strike is moot. (D.I.8)

3. On September 25, 2003, plaintiff filed a motion for partial default judgment against the State of Delaware pursuant to Fed.R.Civ.P. 55(b)(2). Prior to entry of a default judgment a plaintiff must first file a motion for an entry of default. Fed.R.Civ.P. 55(a). *See Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."). As plaintiff failed to obtain an entry of default prior to his motion for entry of a default judgment, plaintiff's motion is denied. [FN1] (D.I.7)

> FN1. The court further notes the entry of defaults and default judgments are discouraged in the Third Circuit. *See U.S. v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d Cir.1984). Fed.R.Civ.P. 55 is to be liberally construed so as to insure that cases are decided on their merits. *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 502162 (D.Del.)  
**(Cite as: 2004 WL 502162 (D.Del.))**

Page 2

4. On October 1, 2003, Cobb filed a motion to dismiss on the basis of insufficient services of process, failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and the doctrine of federal abstention. [FN2] (D.I.11) On October 7, 2003, the State defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. (D.I 15)

> FN2. Cobb also moved the court to require a more definite statement and to strike portions of plaintiff's complaint. (D.I.11) Because Cobb's motion to dismiss will be granted, the court will not address the alternate relief requested.

5. The present action arises from acts alleged to have occurred in the course of civil litigation currently pending in Delaware Superior Court before Judge Slights. *See Limehouse v. Steak & Ale Restaurant Corp.,* C.A. No. 03C-03-299. Plaintiff contends that Cobb, who represents a defendant in the state litigation, knowingly placed a false representation, related to the sufficiency of service of process, in a document filed in the Office of the Prothonotary of the Superior Court of New Castle County "with the intent to dissuade ... [Judge] Slights, not to properly enter default nihil dicit into final judgment where the defendant did not answer summons" within the time limit proscribed under Delaware Superior Court Rules. (D.I.1, ¶ 21) Plaintiff contends that Cobb did so for the purpose of "raising the amount of billable hours" and without authority. (*Id.,* ¶ 23-24) Plaintiff further contends that Cobb's statements constitute a class E felony under Delaware law. (*Id.,* ¶ 36) Plaintiff contends that Judge Slights "allowed himself to be induced to conspire to deprive plaintiff of equal protection of the laws ... by accepting statements of Defendant Cobb." (*Id.,* ¶ 33) Plaintiff contends that defendant Murphy "made several telephone calls to Plaintiff in the attempt to deceive plaintiff to not appear for a motion hearing for sanctions against Defendant Cobb." (*Id.,* ¶ 34) Plaintiff further contends that "Murphy made statements that are plainly false with regard to the application of procedures of the New Castle County Civil Case Management Plan." (*Id.,* ¶ 35) Plaintiff asserts that these statements constitute a class E felony under Delaware law. (*Id.,* ¶ 36) Plaintiff contends that "[d]efendants Kashner, Walker, and Donohue, in the line of duty as Delaware State Capitol Police Officers, refused to arrest Defendant Cobb where presented by Plaintiff with a first-hand account of the criminal act ... on June 27, 2003." [FN3] (*Id.,* ¶ 38) Plaintiff was subsequently ejected from the New Castle County Courthouse premises. Further, plaintiff contends that "Defendant Slights denial of Plaintiff's motion in underlying litigation ... deprived Plaintiff of relief as ordered by rule of court ... and are breach of plaintiff's fundamental rights as guaranteed by United States Constitution's Fourteenth Amendment." Plaintiff seeks damages in the amount of $1,762,690. The State defendants are being sued in their official capacities. (D.I. 1; D.I 24, ¶ 5)

> FN3. The court notes, however, that "Kashner, Walker, and Donohue" are not joined as defendants in the present action.

*2 6. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman,* 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dep't.,* 91 F.3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991).

7. Accepting all of plaintiff's factual allegations as true and construing the complaint in the light most favorable

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 3
Not Reported in F.Supp.2d, 2004 WL 502162 (D.Del.)
**(Cite as: 2004 WL 502162 (D.Del.))**

to plaintiff, the complaint fails to state a cause of action against defendant Cobb. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, alleging a deprivation of civil rights. It is, however, well settled law that § 1983 creates no remedy against a person not acting under color of law. See *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning § 1983."). In the present case, there is no factual or legal basis to conclude that Cobb, serving as counsel for a defendant in private civil litigation, is acting under color of state law. Consequently, plaintiff's claim against defendant Cobb must fail.

 8. With respect to the State defendants, plaintiff seeks money damages against the State, the State Capitol Police, and certain State officials in their official capacities. Where a plaintiff sues a State or State agency for money damages, Eleventh Amendment immunity will bar the action. See *Edelman v. Jordan,* 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Similarly, where a suit names a state official in his official capacity the state is the real party in interest and, as a consequence, the Eleventh Amendment immunity applies. See *Edelman v. Jordan,* 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). While Congress, pursuant to its remedial powers under Section 5 of the Fourteenth Amendment, may abrogate a state's Eleventh Amendment immunity, it must clearly state its intent to do so. See *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Section 1983 does not contain such an express congressional intent to abrogate the Eleventh Amendment. See *Edelman,* 415 U.S. at 677. As the State of Delaware has not waived its sovereign immunity, plaintiff's claim for money damages against the State of Delaware, the State Capitol Police, and the named State officers is barred.

 Not Reported in F.Supp.2d, 2004 WL 502162 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00844 (Docket) (Aug. 29, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 10, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Anthony G. Flynn, Esq.
      Young Conaway Stargatt & Taylor, LLP
      1000 West Street, 17th Floor
      P.O. Box 391
      Wilmington, DE 19899-0391


      Mark L. Reardon, Esq.
      Ezlufon Austin Reardon Tarlov & Mondell, P.A.
      300 Delaware Avenue, Suite 1700
      P.O. Box 1630
      Wilmington, DE 19899-1630


      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

Whitwell/ Pleadings / Motion for a Default Judgment.FINAL