# THE NEUBERGER FIRM
### ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE                                    PHONE: (302) 655-0582
STEPHEN J. NEUBERGER, ESQUIRE                                     FAX: (302) 655-9329

April 19, 2006                                               <u>Via CM/ECF Filing</u>

The Honorable Sue L. Robinson
Lock Box 31
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    **RE:** <u>Whitwell v. Archmere, et al.,</u> **C.A.No. 05-796-SLR**

Dear Judge Robinson:

    This letter is written in response to D.I. 12 - a Notice of deficiency. For the reasons discussed below, I respectfully submit that the Notice was issued in error.

    **A. Introduction.** The Notice states that service of plaintiff's Rule 55 default judgment motions (D.I. 10-11) was improper as they were not served upon defendant Smith, the defaulting party who has failed to appear or file an Answer to the Complaint which was duly filed and served. (<u>See</u> D.I. 5 - Executed Return of Service). Upon inquiry, the Court's staff telephonically indicated that a letter citing legal authority for the proposition that service was not required would the appropriate form of response to the Notice.

    **B. Legal Authority.** The Federal Rules of Civil Procedure state that a party filing a default judgment motion for failure to appear need not serve such a pleading upon the defaulting party who has already failed to appear or respond to the Answer. Fed.R.Civ.P. 5(a) states:

> <u>No service need be made on parties in default for failure to appear</u> except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of the summons in Rule 4. (emphasis added).

    The text of this Rule is plain, clear and unambiguous. The Supreme Court has held that

The Honorable Sue L. Robinson
April 19, 2006
Page 2


courts are to "give the Federal Rules of Civil Procedure their plain meaning." <u>Business Guides, Inc. v. Chromatic Communications Enters., Inc.</u>, 498 U.S. 533, 540 (1991). This is in accord with Third Circuit precedent requiring that the clear and unambiguous language of statutes and rules should be applied. <u>See, e.g.</u> <u>Digiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity</u>, 420 F.3d 220, 227 (3d Cir. 2005); <u>Cleary ex rel. Cleary v. Waldman</u>, 167 F.3d 801, 807 (3d Cir. 1999).

  Thus, as a general rule, service is not required when a plaintiff seeks default for failure to appear. Fed.R.Civ.P. 5(a). The only exception to this rule is if new or additional claims for relief are made therein.[1] As discussed below, the Rule's sole exception does not apply to our present case because no new or additional claims for relief are being made.

  **C. Discussion.** The Complaint (D.I. 1) asserts three separate Counts and claims for relief against defendant Smith: (1) Count I - Assault, Battery and Childhood Sexual Abuse; (2) Count II - Intentional Infliction of Emotional Distress; and (3) Count III - Negligence and Breach of Fiduciary Duty. The Complaint specifically requests that compensatory and punitive damages be awarded against defendant Smith. (<u>See</u> D.I. 1 at Wherefore Clause).

  Simply put, plaintiff's Rule 55(b) motion for a default judgment (D.I. 11) does not add anything new. Plaintiff has not added any additional Counts or claims for relief against any defendant. <u>Cf.</u> Fed.R.Civ.P. 15(a). Instead, in very succinct form, the motion requests that a default judgment be entered as a result of defendant Smith's failure to respond to the original Complaint. Nothing new is added in the Motion.

  Instead, the Motion simply requests that default be entered against defendant Smith for failure to appear and that the Court hold the hearing required by the terms of Fed.R.Civ.P. 55(b)(2) to determine the amount of compensatory and punitive damages due to plaintiff as a result of Smith's default, the very same damages originally requested in his Complaint.

  **D. Conclusion.** For the reasons discussed above, service of plaintiff's Rule 55 default judgment motions (D.I. 10-11) upon the defaulting defendant is not required by the plain text of Fed.R.Civ.P. 5(a). The sole exception to this Rule does not apply because plaintiff has not added any "new or additional claims for relief." Accordingly, plaintiff respectfully submits that the

---

[1] For the sake of completeness, I note the inapplicability of the service provisions of Fed.R.Civ.P. 55(b)(2) which only applies when "the party against whom the judgment is sought has entered an appearance in the action." As the docket reveals, that is not our case as defendant Smith has never entered an appearance in our case. It is his apparent refusal to enter an appearance or file a responsive pleading which caused plaintiff to file his default judgment motions in the first place.

The Honorable Sue L. Robinson
April 19, 2006
Page 3

Notice of Deficiency is in error and that it is appropriate to enter a default judgment against defendant Smith.

      I am at the Court's disposal to address these matters further.

Respectfully submitted,

/s/ Stephen J. Neuberger

Attorney for Plaintiff

cc:    Thomas S. Neuberger, Esq. (Via CM/ECF)
        Anthony G. Flynn, Esq. (Via CM/ECF)
        Mark L. Reardon, Esq. (Via CM/ECF)

Whitwell \ Letters \ Robinson.01