**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Lt. Commander Kenneth J. Whitwell, | : | |
| | : | C. A. No.: 05 CV 796 SLR |
| Plaintiff, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF |
| | : | TWELVE DEMANDED |
| | : | |
| Archmere Academy, Inc., a Delaware | : | |
| corporation; | : | |
| The Catholic Diocese of Wilmington, Inc., | : | |
| a Delaware corporation; | : | |
| Rev. Edward Smith, individually and | : | |
| in his official capacity; and | : | |
| R§ev. Michael A. Saltarelli, in his official | : | |
| capacity, | : | |
| | : | |
| Defendants. | : | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT
ARCHMERE ACADEMY, INC.'S
<u>MOTION TO DISMISS</u>**

MARK L. REARDON (#2627)
ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.
300 Delaware Avenue, 17th Floor
P. O. Box 1630
Wilmington, DE   19899-1630
Telephone: (302) 428-3181
Facsimile:  (302) 428.3180
E-mail: mreardon@elzufon.com
Attorney for Defendant
Archmere Academy, Inc.

Dated: <u>June 23, 2006</u>

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................iv, v

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF THE ARGUMENT ........................................................... 2-3

STATEMENT OF FACTS ........................................................... 4-5

ARGUMENT...............................................................................................6

    I.     Plaintiff's Claims Against Archmere Academy Must Be Dismissed Because Delaware's Borrowing Statute Applies, Making Plaintiff's Claims Time-barred Under Delaware's Two-year Statute of Limitations...............................................................................6

        A.    Standard of Review.........................................................6

        B.    Choice of Law..................................................................6

    II.    Plaintiff's Personal Injury Claims Against Archmere Academy Must Be Dismissed Pursuant to Conflict of Law Rules Because Any Alleged Negligence On the Part of Archmere Occurred in Delaware and the Applicable Two-year Statute of Limitation Has Expired..................9

        A.    Delaware is the State with the Most Significant Relationship to the Acts of Negligence Alleged Against Archmere Academy ..............................................9

                1.    The Place Where the Injury Occurred Was Fortuitous and Therefore Vermont Law Does Not Apply ..............................................10

                2.    The Place Where Archmere's Alleged Negligent Conduct Occurred was Delaware and Therefore Vermont Law Does Not Apply.....................11

                3.    The Domicile, Residence, Nationality, Place of Incorporation and Place of Business of the Parties Overwhelmingly Support the Application of Delaware Law ..............................................12

# TABLE OF CONTENTS (Cont'd.)

**Page**

    4.     Place Where the Relationship Between the Parties is Centered Warrants Application of Delaware Law.................................................................13

    5.     Section 146 of the Restatement (Second) of Conflicts Requires Application of Delaware Law.................................................................13

  B.    Since Delaware Law Applies to the Issues of Alleged Negligence of Archmere, 10 Del. C. § 8199 Bars Plaintiff's Claims Against Archmere Regardless of Whether the Claims Against Fr. Smith are Governed by Vermont Law.................................................................15

CONCLUSION.................................................................16

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

Davis B. Lilly Co. v. Fisher, 18 F.3d 1112, 1117 (3d Cir. 1994(Del.)) ................................6

Elmer v. Tenneco Resins, 698 F. Supp. 535 (D. Del. 1988)................................7

Hartz v. Diocese of Greensburg, 94 Fed. Appx. 52, 55 (3d Cir. 2004 (Pa.))....................7, 8

Hatale v. Upjohn, 356 F.2d 590, 592 (3d Cir. 1966 (Del.)) ...................................6

McIntosh v. Arabian Oil Co., 633 F. Supp. 942, 945 (D. Del. 1986)...................................7

McBride v. Whiting-Turner Contracting Company,
625 A. 2d 279 (Table), 1993 WL 169110, *3-4 (Del.) .........................................13

Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997 (Pa.))................6

Parker v. Comcast Corporation, 2005 WL 2456221, *2 (D. Del) .........................................6

Pittman v. Malandia, 2001 WL 1221704 at *3 (Del. Super.)...............................14

Rasmussen v. The Uniroyal Goodrich Tire Company,
1995 WL 945556 (Del. Super.)................................................................ 11, 12, 13

Ross v. Johns-Mansville Corp., 766 F.2d 823, 826 (3d Cir. 1985 (Pa.))...........................6

Thomson v. Reinco, Inc., 2004 WL 1426971 (Del. Super.) ...............................................11

Thornton v. Boswell, 1995 WL 656807 (Del. Super.).......................................................14

Travelers Indemnity Company v. Lake, 594 A. 2d 38 (Del. 1991) ...............................9, 14

Yang v. Odom, 392 F.3d 97, 101 (3d Cir. 2004 (N. J.))......................................6


**Other Authorities**

10 Del. C. §8119 ......................................................................... 2, 3, 5, 15, 16

10 Del. C. §8121 ......................................................................... 2, 6, 7, 8, 16

12 Vt. Stat. Ann. §522 ................................................................................2, 5

28 U.S.C. §§1332, 2201 and 2202 .................................................................1

## TABLE OF AUTHORITIES (Cont.'d)

**CASES**                                                                    **PAGE**

Federal Rules of Civil Procedure 12(b)(6).......................................................1, 2, 6

Restatement (Second) of Conflicts §§6, 145, 146 (1971).....................2, 9, 10, 11, 12, 13, 14

[SECTION LEFT INTENTIONALLY BLANK]

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Kenneth Whitwell, a resident of the Commonwealth of Virginia, filed this personal injury suit against defendants Archmere Academy, a Delaware corporation, the Catholic Diocese of Wilmington, a Delaware corporation, Bishop Michael Saltarelli, a Delaware resident, and Reverend Edward Smith, a Delaware resident, on November 17, 2005. Plaintiff filed the suit in diversity pursuant to 28 U.S.C. §§1332, 2201, and 2202.

On March 27, 2006, Archmere Academy filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. On March 29, 2006, this Court entered a Stipulated Briefing Schedule.

This is the Opening Brief of Archmere Academy in support of its Motion to Dismiss.

## **SUMMARY OF THE ARGUMENT**

I.      Plaintiff's claims against Archmere Academy must be dismissed because all claims are barred by Delaware's two-year Statute of Limitations.  Although plaintiff argues that Vermont's more lenient Statute of Limitation applies, plaintiff's claims against Archmere Academy must be dismissed pursuant to F.R.C.P. 12(b)(6) because this Court, sitting in this diversity action, must apply the conflict of law rules of the forum state to determine the applicable statute of limitations.  Delaware's conflict of law rule is incorporated in its borrowing statute, 10 Del. C. §8121, which holds that a cause of action arising outside of Delaware cannot be brought in Delaware after the expiration of whichever statute of limitations is shorter: the law of Delaware or the law of the state where the alleged injury occurred.  Delaware's statute of limitations for a personal injury action is two (2) years. 10 Del. C. §8119.  Vermont's statute of limitations is six (6) years from the time the plaintiff discovers the connection between the act and his injuries. 12 Vt. Stat. Ann. §522.  Since the alleged wrongful conduct occurred more than twenty  (20) years ago, and given that Delaware's two-year statute of limitations applies, plaintiff's Complaint against Archmere Academy is time-barred.

II.     Plaintiff's claims must be dismissed pursuant to F.R.C.P. 12(b)(6) because under Delaware's "most significant relationship" test for choice of law, as set forth within the Restatement (Second) of Conflicts (1971), Delaware's Statute of Limitation law must apply to plaintiff's negligence claims against Archmere Academy.  Plaintiff alleges negligent hiring, negligent supervision, and breach of fiduciary duty claims against defendant Archmere.  All of these alleged torts are premised on Archmere Academy carrying out its school operation in the State of Delaware, Archmere Academy's sole

place of business. None of the underlying acts of negligence or breach alleged against Archmere Academy occurred in Vermont. Taken together with the facts that none of the parties are residents of Vermont and the parties' relationships are centered in Delaware, it is apparent that Delaware's Statute of Limitations applies and plaintiff's claims are time-barred pursuant to 10 <u>Del</u>. <u>C</u>. §8119.

[SECTION LEFT INTENTIONALLY BLANK]

## STATEMENT OF FACTS

Defendant Archmere Academy, Inc. ("Archmere") is a Delaware non-profit corporation doing business as an independent Roman Catholic private high school located in Claymont, Delaware. (D. I. 1, Complaint ¶9)[1]. For nearly 75 years, Archmere's faculty, staff and administrative personnel have operated solely from the School's campus in Delaware.

Defendant Catholic Diocese of Wilmington is a Delaware corporation doing business in Delaware, and defendant Rev. Michael A. Saltarelli, in his official capacity as Bishop of the Diocese of Wilmington, is a resident of Delaware. The Diocese is alleged to have authorized defendant Rev. Edward Smith ("Fr. Smith") to function in a priestly capacity from 1982 through the present. (D. I. 1, Complaint ¶¶12, 13). At all relevant times Fr. Smith was a resident of Delaware.

Plaintiff is a resident of Virginia and a citizen of Florida. While attending Archmere as a high school student, plaintiff was a resident of Pennsylvania. (D. I. 1, Complaint ¶7). Plaintiff alleges that in 1984 and 1985, while a student at Archmere (D. I. 1, Complaint ¶30), Fr. Smith twice took him on weekend ski trips to Killington, Vermont. (D. I. 1, Complaint ¶37). Plaintiff alleges that Fr. Smith sexually abused him during both weekend ski trips to Vermont. (D. I. 1, Complaint ¶39). Plaintiff alleges that as a result of the abuse, he suffered immediate and long-term injuries. (D. I. 1, Complaint ¶40).

In early 2000, plaintiff told his wife that he treated her poorly because of his "past sexual abuse." (D. I. 1, Complaint ¶55). Plaintiff claims that he did not discover a causal connection between the alleged 1984-1985 abuse and the injuries for which he is seeking damages until the spring of 2003, when he allegedly made the connection in the course of

---

[1]The Complaint is referenced throught as " D.I.1", and appended hereto as Exhibit 1.

therapy. (D. I. 1, Complaint ¶43). Plaintiff further alleges that he suppressed memories of the alleged abuse since 1992 or earlier.  (D. I. 1, Complaint ¶46).

Plaintiff filed this suit on November 17, 2005, seeking damages for the Vermont torts of assault, battery, and childhood sex abuse (Count I), intentional infliction of emotional distress (Count II), and negligence and breach of fiduciary duty (Count III). (D. I. 1, Complaint ¶¶78-112).

Vermont law permits a plaintiff to bring suit up to six (6) years from the date of the act *or* six (6) years from the time the victim discovers the injury is related to the act. 12 Vt. Stat. Ann. §522.  Delaware's personal injury statue of limitations is two (2) years. 10 Del. C. §8119.  Plaintiff claims that Vermont law and its statute of limitations should apply to the case because Vermont has the most significant relationship to the parties. (D. I. 1, Complaint ¶1-6).

## ARGUMENT

I. **Plaintiff's Claims Against Archmere Academy Must Be Dismissed Since Delaware's Borrowing Statute Applies, Making Plaintiff's Claims Time-barred Under Delaware's Two-year Statute of Limitations**

### A.    Standard of Review

When deciding a Motion to Dismiss on Rule 12(b)(6) grounds, the court will "accept as true all of the allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997 (Pa.); Parker v. Comcast Corporation, 2005 WL 2456221,*2 (D. Del).  The motion "should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse, 132 F.3d at 906 (citations omitted.) See also, Yang v. Odom, 392 F.3d 97, 101 (3d Cir. 2004 (N.J.)) (plenary review of a district court's grant of a Rule 12(b)(6) Motion to Dismiss on statute of limitations grounds).

### B.    Choice of Law

It is well-settled law that "[a] federal court, sitting in diversity, follows that forum's choice of law rules to determine the applicable statute of limitations." Ross v. Johns-Mansville Corp., 766 F.2d 823, 826 (3d Cir. 1985 (Pa.)); see also Davis B. Lilly Co. v. Fisher, 18 F.3d 1112, 1117 (3d Cir. 1994 (Del.)).  Delaware's conflict rule is embodied in its borrowing statute at 10 Del. C. §8121. Hatale v. Upjohn, 356 F.2d 590, 592 (3d Cir. 1966 (Del.)).

Delaware's borrowing statute reads:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce

such cause of action after the expiration of whichever is
shorter, the time limited by the law of this State, or the time
limited by the law of the state or country where the cause of
action arose, for bringing an action upon such cause of
action.  Where the cause of action originally accrued in
favor of a person who at the time of such accrual was a
resident of this State, the time limited by the law of this
State shall apply.

10 Del. C. §8121.

This Court has stated that "[a] court must apply Delaware's borrowing statute . . .
when a non-Delaware resident brings a cause of action in a Delaware court and the cause
of action arose outside of Delaware." Elmer v. Tenneco Resins, 698 F. Supp. 535 (D.
Del. 1988) (Plaintiff, a citizen of Maryland, received an injurious injection in
Washington, D.C., and brought suit in Delaware federal court against Delaware
defendants.  Delaware's borrowing statute barred suit because the statute of limitations in
Delaware had run), citing McIntosh v. Arabian Oil Co., 633 F.Supp. 942, 945 (D. Del.
1986). See also, Hartz v. Diocese of Greensburg, 94 Fed.Appx. 52, 55 (3d Cir. 2004(Pa.))
(Finding that a victim of clergy abuse "could not avail himself of a more lenient statute of
limitations rule" in a diversity case where the forum state's borrowing statute limits the
claim).

The Third Circuit Court of Appeals addressed this precise issue in a case with
obvious parallels to the instant matter.  In Hartz, the Third Circuit held that the District
Court for the Western District of Pennsylvania did not err when it declined to apply a
conflict-of-law analysis to the plaintiff's claims involving an alleged injury that took
place in a state other than Pennsylvania.  The Court held that, even if it made all
inferences in favor of the plaintiff who argued that the law of a state with a longer statue
of limitation for personal injury should apply, "[plaintiff] cannot avail himself of a more

lenient statute of limitations rule.  In a diversity case, we apply the forum state's choice of law rules." <u>Hartz v. Diocese of Greensburg</u>, 94 Fed.Appx. 52, 55 (3[d] Cir. 2004 Pa.).  In <u>Hartz</u>, Pennsylvania's statute of limitations barred the claim before the statute of any other state in question.  <u>Id</u>. at 55.

The Third Circuit's holding in <u>Hartz</u> has direct application to the instant matter. In <u>Hartz</u>, a priest/teacher at a high school in Pennsylvania was alleged to have sexually abused a student between 1980 and 1982.  The alleged acts of abuse occurred when the student/victim was transported by the alleged abuser from Pennsylvania to other states including Ohio, Virginia and South Carolina.  In considering plaintiff's claims under the more lenient statutes of limitation in the other states, the Third Circuit affirmed the Western District of Pennsylvania's holding that in a diversity case, the forum state's choice of law governs.  Accordingly, the Third Circuit held that the applicable period of limitation is whichever state bars the claim first.  In <u>Hartz</u>, the victim's suit alleging wrongdoing in other states was entirely barred by virtue of Pennsylvania's statute of limitation.

Plaintiff brings his suit against Archmere in diversity in the District Court for the District of Delaware.  As such, this Court should apply Delaware's choice of law rule to determine the applicable statute of limitations for claims arising out of plaintiff's injuries he suffered while on two separate weekend ski trips in Vermont in 1984 and 1985. Plaintiff argues that Vermont's six-year statute of limitations should apply to his claims against Archmere.  Plaintiff's hope for a six-year Statute of limitation is directly negated by application of Delaware law.  10 <u>Del</u>. <u>C</u>. §8121 instructs a court sitting in diversity to

apply the shorter of the two statues of limitation.  Thus, Delaware's two-year statute

applies and the plaintiff's action against Archmere is time-barred.

**II.**  **Plaintiff's Personal Injury Claims Against Archmere Academy Must Be Dismissed Pursuant to Conflict of Law Rules Since Any Alleged Negligence on The Part of Archmere Occurred in Delaware and the Applicable Two-year Statute of Limitation Has Expired**

    **A.**  Delaware is the State with the Most Significant Relationship to the Acts of Negligence Alleged Against Archmere Academy

Delaware adopted the "most significant relationship" approach to choice of law

issues in 1991, with the Supreme Court's ruling in Travelers Indemnity Company v.

Lake, 594 A.2d 38 (Del. 1991).   In doing so, the Court adopted the application of the

Restatement (Second) of Conflicts §6 (1971) which sets forth the essential factors when

determining which state has the most significant relationship:

    (a)  the needs of the interstate and international systems;

    (b)  the relevant policies of the forum;

    (c)  the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

    (d)  the protection of justified expectations;

    (e)  the basic policies underlying the particular field of law;

    (f)  certainty, predictability and uniformity of result, and

    (g)  ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts §6 (1971).

When dealing with tort claims, as opposed to a contract claim, for example,

Delaware courts look to §145 of the Restatement.  That section provides in pertinent part:

(1)    The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6.

(2)    Contacts to be taken into account in applying the principles of §6 to determine the law applicable to an issue include:

(a)    The place where the injury occurred,

(b)    The place where the conduct causing the injury occurred,

(c)    The domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d)    The place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflicts §145 (1971).

In applying the principles of §6 to determine the state of most significant relationship, the forum should give consideration to the relevant policies of all potentially interested states and the relevant interests of those states in deciding the particular issue. As specifically provided in the Restatement comments: "Those states which are most likely to be interested are those which have one or more of the [above listed] contacts with the occurrence and the parties." Restatement (Second) of Conflicts, §145 cmt. e.  An examination of those specific contacts follows:

1.    The Place Where the Injury Occurred Was Fortuitous and Therefore Vermont Law Does Not Apply

In a personal injury case, the place where the injury occurred plays an important role in choice of law analysis.  However, there are situations where "the place of injury will not play an important role in the selection of the state of the applicable law."

10

Restatement §145, cmt. e. This will happen when the place of injury is fortuitous or when it "bears little relation to the occurrence and the parties with respect to the particular issue.) Id. See Thomson v. Reinco, Inc., 2004 WL 1426971 (Del. Super.) (Holding that although a defective product injured the plaintiff in Maryland, there was no other significant contact with Maryland, and the place of injury was fortuitous); Rasmussen v. The Uniroyal Goodrich Tire Company, 1995 WL 945556 (Del. Super.) (Where a defective tire failed causing an accident in Illinois but was marketed and sold in Missouri, Judge Quillen of the Delaware Superior Court found Illinois as the place of the incident to be merely fortuitous and applied Missouri law as the state with the most significant contact to the parties).

In the present case, Archmere is sued for negligent hiring, negligent supervision, and breach of fiduciary duty.  Assuming arguendo Archmere engaged in such tortious acts, such conduct could have only occurred in Delaware, Archmere's sole place of business.  It is therefore merely fortuitous that Vermont was the place of the alleged injury.  The defendant-priest at the center of this case could have randomly chosen any state as a destination for his weekend travel with plaintiff.  The fact that the alleged misconduct of Fr. Smith occurred on a ski trip to Vermont could have just as likely occurred in Maryland, New York, Massachusetts or New Hampshire.  This factor militates toward application of Delaware law to the issue of negligence of the part of Archmere.

2.    The Place Where Archmere's Alleged Negligent Conduct Occurred was
      Delaware and Therefore Vermont Law Does Not Apply

When the place of injury is fortuitous, the place of the alleged misconduct should be given greater weight. Rasmussen, 1995 WL 945556 at *2, citing Restatement

(Second) of Conflicts §145, cmt. e. When the place of injury is fortuitous and, "with respect to the particular issue, bears little relation to the occurrence and to the parties," the place where the defendant's alleged negligence occurred is an important piece of the conflicts analysis. Id. See, e.g., Rasmussen at * 2.

In the present case, plaintiff alleges negligent hiring, negligent supervision, and breach of fiduciary duty on the part of Archmere. (D. I. 1, Complaint ¶¶ 104, 106 and 114). Any allegation stemming from the hiring of an Archmere employee, the supervising of an Archmere employee, and the fiduciary duty owed to an individual Archmere student centers around Archmere's activity in Delaware. Nothing that Archmere did within its employment relationship with Fr. Smith, or anyone else, could fairly be said to have any implication with the laws of Vermont. This factor too militates in favor of the application of Delaware law to issues of Archmere's alleged negligence.

3.     The Domicile, Residence, Nationality, Place of Incorporation and Place of Business of the Parties Overwhelmingly Support the Application of Delaware Law

The Restatement (Second) of Conflicts provides in §145 cmt. e:

"These are all places of enduring relationship of the parties. Their relative importance varies with the nature of the interest affected. . . .[T]he fact that the domicile or place of business of all parties are grouped in a single state is an important factor to be considered in determining the state of the applicable law. The state where these contacts are grouped is particularly likely to be the state of the applicable law if either the defendant's conduct or the plaintiff's injury occurred there." [Emphasis Added].

Restatement (Second) of Conflicts §145, cmt. e.

Here, all defendants, including Archmere, are domiciled in Delaware. Archmere and the Diocese are Delaware corporations. Bishop Saltarelli is a Delaware resident, as is Fr. Smith. At the time of the alleged negligence on the part of Archmere, plaintiff was a

student attending Archmere in Delaware.  Plaintiff is now a Virginia resident and alleges

no on-going ties to Vermont.  Clearly, as to this factor for measuring "most significant

contacts" Delaware law should apply to issues of negligence on the part of Archmere.

4.    Place Where the Relationship Between the Parties is Centered Warrants
      Application of Delaware Law

When there is a relationship between the plaintiff and the defendant and when the

injury was caused by an act done in the course of the relationship, the place where the

relationship is centered is another contact to be considered.  Restatement §145, cmt. e.

See also Rasmussen at *3 (Finding that the place where the relationship of the parties is

centered is more important when the place of injury is in large part fortuitous).

Archmere's relationship with the plaintiff was, and remains, completely centered

in Delaware.  Plaintiff attended Archmere as a full-time student for four years.  His

student-teacher relationship with Fr. Smith was centered in Delaware.  As an alumnus,

plaintiff remains listed on the role of alumni  maintained in Archmere's Alumni Office in

Delaware.  As such, plaintiff's past and present relationship with Archmere is centered in

Delaware.

Based on this factor as well, Delaware law should apply to issues surrounding any

alleged negligence on the part of Archmere.

5.    Section 146 of the Restatement (Second) of Conflicts Requires
      Application of Delaware Law

For a case in tort stemming from personal injures, the court is also guided by §146

of the Restatement.  A trial court must engage in an analysis under §§145 and 6, in

addition to applying §146.  McBride v. Whiting-Turner Contracting Company, 625 A.2d

279 (Table), 1993 WL 169110, *3-4 (Del. Supr.) (Reversing and remanding the trial

court's ruling where the court merely looked to the state where the injury occurred, rather than applying the "most significant relationship" test).

In short, §146 provides: "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, *unless*, with respect to the particular issue, some other state has a more significant relationship under the principles stated in §6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflicts §146 (1971) (emphasis added). See Travelers, 594 A2d at 48.

As elaborated above, Delaware is the state with the most significant relationship to the issues of Archmere's alleged negligence. "The comments to Restatement Section 6 instruct the forum, Delaware, to 'appraise the relevant interests of the states involved in the determination of the particular issue. In general, it is fitting that the state whose local interests are most deeply affected should have its local law applied.'" Thornton v. Boswell, 1995 WL 656807 (Del. Super.), quoting Restatement §6 cmt. f (1971). Archmere is a Delaware-based non-profit, academic institution. Any issue regarding Archmere's alleged negligence will most deeply affect Delaware and its residents. Applying Vermont law to a Delaware non-profit corporation's alleged negligent hiring and supervision of a Delaware resident is contrary to well-established law.

It is important to note that if this Court applies Delaware law to the issues of Archmere's alleged negligent hiring, negligent supervising and breach of fiduciary duty, all of which center in Delaware, the Court retains the discretion, if warranted, to apply the law of Vermont to Fr. Smith, the alleged abuser who took plaintiff out-of-state on two weekend ski trips. Pittman v. Malandia, 2001 WL 1221704 at *3 (Del. Super.)

("Depecage is the process of deciding choice of law on an issue by issue basis, with the result that the law of one state may be determined to apply to one issue and the law of a different state to another issue in the same case.")

> B.    Since Delaware Law Applies to the Issues of Alleged Negligence of Archmere, 10 <u>Del</u>. <u>C</u>. §8119 Bars Plaintiff's Claims Against Archmere Regardless of Whether the Claims Against Fr. Smith are <u>Governed by Vermont Law</u>

Defendant Archmere acknowledges the consequences and implications of the abuse plaintiff claims to have suffered at the hands of Fr. Edward Smith. However, Archmere as an institutional-defendant defends its innocence in this suit. Simply put, the claims of negligent hiring, negligent supervision, and breach of fiduciary duty against Archmere are not tenable under Delaware law. The foregoing choice of law analysis mandates that Delaware law apply to plaintiff's claims sounding in negligence against Archmere. The necessary result of the application of Delaware law to the claims regarding Archmere's negligence is the dismissal of all claims against Archmere.

Dismissal is also warranted as plaintiff comprehended the consequences of his childhood abuse as early as 2000. (D. I. 1, Complaint ¶55). He claims to have made the causal connection between his abuse and his injuries in "spring of 2003." (D. I. 1, Complaint ¶44). Plaintiff filed suit in federal court in Delaware in fall of 2005. Plaintiff's claims against Archmere fall under Delaware's two-year statute of limitations for personal injury actions, 10 <u>Del</u>. <u>C</u>. §8119, and must be time-barred.

## <u>CONCLUSION</u>

Plaintiff's claims against Archmere must be dismissed on two grounds. First, this Court sitting in diversity applies the conflict of law rules of the forum state to determine the applicable statute of limitations. Delaware's conflict of law rule is incorporated in its borrowing statute, 10 <u>Del</u>. <u>C</u>. §1821, which states that "an action cannot be brought in a court of this State to enforce such a cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. . . ." Delaware's statute of limitation for a personal injury action is two-years; Vermont's is six years from the time the plaintiff makes the connection between the act and his injury. Therefore, Delaware's statute of limitations applies, and plaintiff's claims against Archmere must be dismissed.

Second, under Delaware's "most significant relationship" test for choice of law analysis, Delaware law must apply to plaintiff's negligence claims against Archmere. Since Delaware law applies to Archmere's alleged negligence, Delaware's statute of limitations for personal injuries, 10 <u>Del</u>. <u>C</u>. §8119, applies, and plaintiff's claims against Archmere are time-barred.

[SECTION LEFT INTENTIONALLY BLANK]

**WHEREFORE**, for the reasons contained herein, Defendant Archmere Academy respectfully requests that this Honorable Court grant its Motion to Dismiss.

Respectfully submitted,

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

*/S/ MARK L. REARDON*
_____

MARK L. REARDON (DE# 2627)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant
Archmere Academy, Inc.

Dated:  June 23, 2006
G:\Docs\CLIENT\131230\16670\motions\00325472.DOC

17