IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LT. CMDR. KENNETH J. WHITWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARCHMERE ACADEMY, INC., a ) <br> Delaware corporation; CATHOLIC ) <br> DIOCESE OF WILMINGTON, INC., a ) <br> Delaware corporation; Rev. EDWARD ) <br> SMITH, individually and in his official ) <br> capacity; and Rev. MICHAEL A. ) <br> SALTARELLI, in his official capacity, ) <br> ) <br> Defendants. ) <br> ) | C.A. NO. 05-796 (SLR) <br><br> JURY TRIAL BY <br> TWELVE DEMANDED |

**OPENING BRIEF OF DEFENDANT
REV. MICHAEL A. SALTARELLI
IN SUPPORT OF HIS MOTION TO DISMISS**

Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com
nwalsh@ycst.com
jkinkus@ycst.com

Attorneys for Defendant
Rev. Michael A. Saltarelli

DATED:    June 23, 2006

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ..................................................................................................... ii

Nature and Stage of Proceedings ................................................................................ 1

Summary of Argument ................................................................................................ 2

Statement of Facts ....................................................................................................... 3

Argument ..................................................................................................................... 4

    I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS. .......................................................... 4

    II.    PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFF HAS NOT PLED FACTS SUFFICIENT TO WARRANT PIERCING THE CORPORATE VEIL. ........................................................... 4

    III.    PLAINTIFF DOES NOT ASSERT ANY THEORY OF LIABILITY AGAINST BISHOP SALTARELLI, BUT MERELY ALLEGES THAT BISHOP SALTARELLI WAS MADE A PARTY FOR PURPOSES OF EXECUTING ON A JUDGMENT. THIS ALLEGATION CANNOT SUPPORT ANY CLAIM AGAINST BISHOP SALTARELLI. ............................................. 5

Conclusion ................................................................................................................... 6

...

## TABLE OF AUTHORITIES

**CASES**

*Crosse v. BCBSDE, Inc.*
836 A.2d 492 (Del. 2003) ............................................................................. 4

*Geyer v. Ingersoll*
621 A.2d 784 (Del. Ch. 1992) ....................................................................... 4

*Harco Nat'l Ins. Co. v. Green Farms, Inc.*
1989 Del. Ch. LEXIS 114 (Sept. 19, 1989) ............................................... 4-5

DB02:5180816.1    059604.1013

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Kenneth J. Whitwell filed this action against Archmere Academy, Inc. (hereinafter "Archmere"), the Catholic Diocese of Wilmington, Inc. (hereinafter the "Diocese"), Rev. Edward Smith (hereinafter "Fr. Smith"), and Rev. Michael A. Saltarelli (hereinafter "Bishop Saltarelli") on November 17, 2005, seeking money damages for personal injuries arising from alleged sexual abuse by Fr. Smith. The jurisdiction of this Court is based upon diversity of citizenship.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed a Motion to Dismiss on March 27, 2006, together with a Stipulated Briefing Schedule which was approved by this Court on March 29, 2006.

This is the Opening Brief of Bishop Saltarelli in support of his Motion to Dismiss.

## SUMMARY OF ARGUMENT

I.  In support of his Motion to Dismiss, Bishop Saltarelli adopts the arguments set forth in the Opening Brief of Defendant Catholic Diocese of Wilmington, Inc. In Support Of Its Motion To Dismiss ("Diocesan Opening Brief"), also filed on this date. Specifically, for the reasons stated in the Diocesan Opening Brief, the claims set forth in the Complaint fail to state a claim against the Bishop because they are barred by the applicable statute of limitations.

II. Plaintiff fails to plead facts sufficient to warrant piercing the corporate veil of the Diocese, and thus there can be no personal liability of Bishop Saltarelli.

III. Plaintiff does not assert any theory of liability against Bishop Saltarelli, but merely alleges that Bishop Saltarelli is being sued for purposes of execution on a judgment. This is no basis for any claim against Bishop Saltarelli, and, therefore, Plaintiff's claims against Bishop Saltarelli must be dismissed.

## STATEMENT OF FACTS

Bishop Saltarelli adopts the Statement of Facts as set forth in the Diocesan Opening Brief.

Bishop Saltarelli is the current Bishop of the Diocese. (D.I. 1, Complaint ¶14) Plaintiff alleges that Bishop Saltarelli "is sued only in his official capacity as agent or alter ego of the Diocese for purposes of collecting a money judgment against the Diocese, should its assets be titled in his name." (D.I. 1, Complaint ¶14) Bishop Saltarelli is a citizen of the State of Delaware. (D.I. 1, Complaint ¶14)

## ARGUMENT

**I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

Bishop Saltarelli adopts the arguments set forth in the Diocesan Opening Brief regarding the choice of law and the statute of limitations. For the reasons stated in the Diocesan Opening Brief, Plaintiff's claims against Bishop Saltarelli are barred by the applicable statute of limitations.

**II.    PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFF HAS NOT PLED FACTS SUFFICIENT TO WARRANT PIERCING THE CORPORATE VEIL.**

In order for Plaintiff to assert any claim against Bishop Saltarelli as "agent or alter ego of the Diocese," i.e., to impose personal liability on the Bishop for the alleged tortious conduct of the Diocese, Plaintiff must "pierce the corporate veil" of the diocesan corporation of which the Bishop is a member and officer. *See Crosse v. BCBSDE, Inc.*, 836 A.2d 492, 497 (Del. 2003) (stating that to hold the officers and directors directly liable for alleged mismanagement, the court must pierce the corporate veil). Plaintiff has not pled sufficient facts in his Complaint to support such relief. *Geyer v. Ingersoll*, 621 A.2d 784, 793 (Del. Ch. 1992) ("A court can pierce the corporate veil of an entity where there is fraud or where a subsidiary is in fact a mere instrumentality or alter-ego of its owner."); *see also Harco Nat'l Ins. Co. v. Green Farms, Inc.*, 1989 Del. Ch. LEXIS 114, at *10 (Sept. 19, 1989) (stating that "persuading a Delaware Court to disregard the corporate entity is a difficult task" and that the "legal entity of a corporation will not be disturbed until sufficient reason appears). Plaintiff has pled no facts regarding any alleged disregard by Bishop Saltarelli or the Diocese of the diocesan corporate entity in

any respect, much less has Plaintiff alleged any specific acts or omissions which would justify piercing the corporate veil under the specific circumstances underlying this action. Therefore, Plaintiff's claims against Bishop Saltarelli should be dismissed because the Complaint provides no factual basis to support the legal determination that must be made to enable Plaintiff to sue Bishop Saltarelli personally.

III. **PLAINTIFF DOES NOT ASSERT ANY THEORY OF LIABILITY AGAINST BISHOP SALTARELLI, BUT MERELY ALLEGES THAT BISHOP SALTARELLI WAS MADE A PARTY FOR PURPOSES OF EXECUTING ON A JUDGMENT. THIS ALLEGATION CANNOT SUPPORT ANY CLAIM AGAINST BISHOP SALTARELLI.**

Finally, in his Complaint Plaintiff does not articulate any theory of liability against Bishop Saltarelli. Plaintiff merely alleges that Bishop Saltarelli was made a party for the purposes of collecting a judgment at the end of the case, assuming that the Plaintiff will obtain a judgment against the Diocese, that the Diocese will not satisfy such a judgment, and that the Plaintiff will need to attach the assets of the Diocese in aid of execution. As stated in the Complaint, a predicate of this theory is that assets of the Diocese are held in the name of the Bishop. The Complaint makes no such allegation. There is no basis to sue an officer/director of a corporate defendant, merely for the purpose of executing on a judgment which may or may not be entered against the corporate defendant, in the absence of any basis for personal liability of the officer/director, and certainly where there is no allegation that the officer/director personally owns any assets of the corporate defendant. Therefore, as they relate to Bishop Saltarelli, Plaintiff's claims should be dismissed.

## CONCLUSION

Defendant Rev. Michael A. Saltarelli respectfully requests that this Honorable Court issue an order dismissing the Complaint in its entirety as to Bishop Saltarelli.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anthony G. Flynn*

Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com
        nwalsh@ycst.com
        jkinkus@ycst.com

Attorneys for Defendant
Rev. Michael A. Saltarelli

DATED:    June 23, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH J. WHITWELL,<br><br>        Plaintiff,<br><br>v.<br><br>ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO. 05-796 (SLR)<br>)<br>)  JURY TRIAL BY<br>)  TWELVE DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the attached Opening Brief of Defendant Rev. Michael A. Saltarelli in Support of His Motion ot Dismiss were served via Electronic Filing upon the following counsel of record:

Thomas S. Neuberger
Stephen J. Neuberger
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, DE 19801
*Attorneys for Plaintiff*

Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899-1630
*Attorneys for Defendant Archmere Academy, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (#74)
Nelli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
Attorneys for Defendant Rev. Michael A. Saltarelli

Dated: June 23, 2006