IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LT. CMDR. KENNETH J. WHITWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. NO. 05-796 (SLR) |
| | ) |
| ARCHMERE ACADEMY, INC., a | ) JURY TRIAL BY |
| Delaware corporation; CATHOLIC | ) TWELVE DEMANDED |
| DIOCESE OF WILMINGTON, INC., a | ) |
| Delaware corporation; Rev. EDWARD | ) |
| SMITH, individually and in his official | ) |
| capacity; and Rev. MICHAEL A. | ) |
| SALTARELLI, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

**OPENING BRIEF OF DEFENDANT
CATHOLIC DIOCESE OF WILMINGTON, INC.
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com
  nwalsh@ycst.com
  jkinkus@ycst.com

Attorneys for Defendant
Catholic Diocese of Wilmington, Inc.

DATED:   June 23, 2006

DB02:5174345.1                                                                 059604.1013

# TABLE OF CONTENTS

**Page**

Table of Authorities ......................................................................................................... ii

Nature and Stage of Proceedings ..................................................................................... 1

Summary of Argument ..................................................................................................... 2

Statement of Facts ............................................................................................................ 3

Argument .......................................................................................................................... 5

    I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS. .................................................................. 5

        A.    Scope and Standard of Review ............................................................... 5

        B.    Choice of Law ......................................................................................... 5

            1.    Generally ...................................................................................... 5

            2.    Choice of Law and Statutes of Limitation ................................ 10

        C.    Plaintiff's Claims Are Barred By Delaware's Two-Year Statute of Limitations .................................................. 13

Conclusion ..................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Am. Energy Techs., Inc. v. Colley & McCoy Co.*
  1999 U.S. Dist. LEXIS 7097 (D. Del. Apr. 15, 1999) .................................................. 11

*Berg Chilling Sys., Inc. v. Hull Corp.*
  2006 U.S. App. LEXIS 2318 (3d Cir. Jan. 31, 2006) .................................................. 10

*Colantuno v. Aetna Ins. Co.*
  980 F.2d 908 (3d Cir. 1992) ........................................................................................ 5

*Ewing v. Beck*
  520 A.2d 653 (Del. 1987) .......................................................................................... 14

*Hartz v. Diocese of Greenburg*
  94 Fed. Appx. 52 (3d Cir. 2004) ................................................................................ 11

*Juran v. Bron*
  2000 Del. Ch. LEXIS 143 (Oct. 6, 2000) .................................................................. 13

*Layton v. Allen*
  246 A.2d 794 (Del. 1968) .......................................................................................... 14

*Lewis v. Pawnee Bill's Wild W. Co.*
  66 A. 471 (Del. 1907) ................................................................................................ 14

*Michaud v. Fairchild Aircraft, Inc.*
  2004 Del. Super. LEXIS 156 (May 13, 2004) ............................................................ 6

*Morse v. Lower Merion Sch. Dist.*
  132 F.3d 902 (3d Cir. 1997) ........................................................................................ 5

*Nardo v. Guido DeAscanis & Sons, Inc.*
  254 A.2d 254 (Del. Super. 1969) .............................................................................. 14

*Shinners v. K-Mart Corp.*
  847 F. Supp. 31 (D. Del. 1994) .................................................................................... 5

*Travelers Indem. Co. v. Lake*
  594 A.2d 38 (Del. 1991) .............................................................................................. 6

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*
  140 F. 3d 478 (3d Cir. 1998)). ..................................................................................... 5

*VLIW Tech., Inc. v. Hewlett-Packard Co.*,
  2005 Del. Ch. LEXIS 59 (May 5, 2005) ........................................................... 13

*Williams v. Potter*
  384 F. Supp. 2d 730 (D. Del. 2005) .................................................................. 5

*Wilson v. King*
  673 A.2d 1228 (Del. Super. 1996) .................................................................. 14

*Yoder v. Delmarva Power & Light Co.*
  2003 Del. Super. LEXIS 431 (Dec. 31, 2003) ................................................. 10

*Yohannon v. Keene*
  924 F.2d 1255 (3d Cir. 1991) ............................................................................ 5

## STATUTES

10 DEL. C. § 8119 .................................................................................... 11, 13, 14

10 DEL. C. § 8121 ............................................................................................ 10-11

VT. STAT. ANN. tit. 12, § 522 ................................................................................ 11

## OTHER AUTHORITIES

RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 ........................................... 11

RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 cmt. f ............................... 12

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 ............................................. 6

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. d ............................... 10

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. e ............................. 8, 9

RESTATEMENT (SECOND) CONFLICT OF LAWS § 146 ............................................. 6

RESTATEMENT (SECOND) CONFLICT OF LAWS § 146 cmt. e ................................. 8

RESTATEMENT (SECOND) CONFLICT OF LAWS § 6 .................................................. 7

RESTATEMENT (SECOND) CONFLICT OF LAWS § 6 cmt. g ..................................... 9

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Kenneth J. Whitwell filed this action against Archmere Academy, Inc. (hereinafter "Archmere"), the Catholic Diocese of Wilmington, Inc. (hereinafter the "Diocese"), Rev. Edward Smith (hereinafter "Fr. Smith"), and Rev. Michael A. Saltarelli (hereinafter "Bishop Saltarelli") on November 17, 2005, seeking money damages for personal injuries arising from alleged sexual abuse by Fr. Smith. The jurisdiction of this Court is based upon diversity of citizenship.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed a Motion to Dismiss on March 27, 2006, together with a Stipulated Briefing Schedule, which was approved by this Court on March 29, 2006.

This is the Opening Brief of the Diocese in support of its Motion to Dismiss.

## SUMMARY OF ARGUMENT

I.   Plaintiff's claims against the Diocese must be dismissed because they are barred by the applicable statute of limitations. Plaintiff alleges that he was abused by Fr. Smith in 1984 and 1985, during times when the plaintiff was a student at Archmere, and Fr. Smith was a member of the faculty. Under Delaware law, a personal injury action must be brought within two years of the date of injury. Although Plaintiff argues that Vermont's more lenient statute of limitations should apply, under Delaware's choice of law rules, which this Court must apply here, Delaware law governs the limitations issue in this case. Inasmuch as Plaintiff's cause of action arose more than twenty years ago, his claims in this case are time-barred, and must be dismissed.

## STATEMENT OF FACTS

Archmere is a Delaware corporation, organized under Delaware's General Corporation Law, and authorized to do business in the State of Delaware. (D.I. 1, Complaint ¶9) Archmere is an independent Roman Catholic high school located in Claymont, Delaware, where it has operated for 74 years. (D.I. 1, Complaint ¶9) During the period when the abuse allegedly occurred, Fr. Smith was a member of the faculty at Archmere, and Plaintiff was a student at the school. (D.I. 1, Complaint ¶¶29, 30, 33, 37)

The Diocese also is a Delaware corporation, and also is organized under Delaware's General Corporation Law. (D.I. 1, Complaint ¶11) The Diocese also is authorized to do business in the State of Delaware, and does business in Delaware as a Roman Catholic "religious enterprise." (D.I. 1, Complaint ¶11) In this capacity, the Diocese is alleged to have licensed Fr. Smith to perform priestly functions within the Diocese, and Fr. Smith allegedly served as a priest within the Diocese from 1982 through the present. (D.I. 1, Complaint ¶¶12, 13)

Plaintiff alleges that while he was a student at Archmere from 1982 to 1986 (D.I. 1, Complaint ¶30), Fr. Smith twice took him to Vermont on ski trips, in February or March of 1984 and 1985 (D.I. 1, Complaint ¶37). Plaintiff alleges that during these ski trips, Fr. Smith committed sexual abuse against Plaintiff. (D.I. 1, Complaint ¶39) Plaintiff claims that he suffered immediate and long-term injuries as a result of the alleged abuse. (D.I. 1, Complaint ¶40)

Plaintiff alleges that in the spring of 2003 he first discovered a causal connection between the alleged 1984/1985 abuse and the injuries for which he is seeking damages in this action. (D.I. 1, Complaint ¶43) Plaintiff also alleges that "[s]ince at least

1992 or earlier" he suppressed all memories of the 1984/1985 abuse. (D.I. 1, Complaint ¶46)

Plaintiff filed this action on November 17, 2005, seeking damages for: Assault, Battery and Childhood Sexual Abuse (Vermont Torts) (Count I of the Complaint); Intentional Infliction of Emotional Distress (Vermont Tort) (Count II); and Negligence and Breach of Fiduciary Duty (Vermont Tort) (Count III). (D.I. 1, Complaint ¶¶78-112) Plaintiff argues that Vermont law applies to the issues in this case, including the applicable statute of limitations, because Vermont has the most significant relationship to the parties. (D.I. 1, Complaint ¶6)

# ARGUMENT

I. **PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

   A. <u>Scope and Standard of Review</u>

   In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, this Court must determine whether "relief could be granted under any set of facts which could be proved." *Colantuno v. Aetna Ins. Co.*, 980 F.2d 908, 909 (3d Cir. 1992); *accord Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005) ("'A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.'") (quoting *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F. 3d 478, 483 (3d Cir. 1998)). While the Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom" when considering a Rule 12(b)(6) motion, "*a court need not credit a complaint's 'bald assertions' or 'legal conclusions'* when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (emphasis supplied).

   B. <u>Choice of Law</u>

      1. **Generally**

   A federal court sitting in diversity must apply the substantive law of the state in which the District Court is located, including that state's choice of law rules. *Yohannon v. Keene*, 924 F.2d 1255, 1264 (3d Cir. 1991); *accord Shinners v. K-Mart Corp.*, 847 F. Supp. 31, 32 (D. Del. 1994). Delaware applies the "most significant

relationship" test of the Restatement (Second) of Conflict of Laws when deciding choice of law issues in tort cases. *E.g., Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991); *Michaud v. Fairchild Aircraft, Inc.*, 2004 Del. Super. LEXIS 156, at *4 (May 13, 2004). The Delaware Supreme Court has recognized that the "most significant relationship test" is a flexible doctrine which "requires each case to be decided on its own facts." *Lake*, 594 A.2d at 48.

The Restatement provides that, in tort cases, a court should apply the law of the state that has the most significant relationship to the occurrence and the parties, under the principles set forth in § 6 of the Restatement. RESTATEMENT (SECOND) CONFLICT OF LAWS § 145(1). More specifically, § 146 of the Restatement provides that, in personal injury actions, a court should apply the law of the state where the injury occurred, *unless* some other state has a more significant relationship to the occurrence and the parties under the principles stated in § 6. RESTATEMENT (SECOND) CONFLICT OF LAWS § 146.

When applying the § 6 principles, the following contacts should be considered: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) CONFLICT OF LAWS § 145(2). Finally, § 145 directs that the contacts "are to be evaluated according to their relative importance with respect to the particular issue."

The principles of § 6 which are to be considered when determining which state has the most significant relationship to the parties and the occurrence are:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 6.

While § 146 directs that the law of the state where the injury occurred usually applies in personal injury actions, in this case, Delaware, not Vermont, has the most significant relationship to the parties and the occurrence, particularly insofar as Plaintiff's claims against the Diocese are concerned. Any and all allegedly negligent conduct by the Diocese occurred in Delaware. The Diocese had absolutely no connection to the ski trips to Vermont during which Plaintiff alleges the abuse occurred. Any relationship the Diocese had with Plaintiff, Archmere and/or Fr. Smith was centered in Delaware. Therefore, Delaware, not Vermont, has the most significant relationship to the parties in this action.

The allegedly negligent conduct of the Diocese occurred entirely within the State of Delaware. Its purported liability for the tortious misconduct of Fr. Smith is premised upon its supposed licensure of Fr. Smith to perform priestly functions within the Diocese, at Archmere – *i.e.,* within the State of Delaware. As alleged in the Complaint, the Diocese is authorized to do business, and does business, within the State of Delaware. (D.I. 1, Complaint ¶11) Any duty owed by the Diocese to Plaintiff was based on his enrollment as a student at Archmere, a Catholic school in Delaware where

Fr. Smith was a member of the faculty, and any alleged authorization, sanction, ratification, acquiescence or approval by the Diocese of Fr. Smith's alleged misconduct occurred in Delaware.  (*See* D.I. 1, Complaint ¶17)  Under these circumstances the Restatement recognizes that the law of the place where the injury occurred – Vermont – is inconsequential, and the law of the state where the defendant's allegedly negligent conduct occurred – Delaware – will take precedence.  *See* RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. e ("When the injury occurred in two or more states, or when the place of injury cannot be ascertained or is fortuitous and, with respect to the particular issue, bears little relation to the occurrence and the parties, the place where the defendant's conduct occurred will usually be given particular weight in determining the state of the applicable law.").

The Restatement also provides that the state where the injury occurred is not important "when the injury occurred in the course of an activity or of a relationship which is centered in the state where the conduct occurred and when the injured person has no settled relationship to the state where injury occurred."  RESTATEMENT (SECOND) CONFLICT OF LAWS § 146 cmt. e.  Even if Fr. Smith's ski trips with Plaintiff to Vermont had been authorized in some fashion by the Diocese (which is not alleged), the relationship between the Diocese and the Plaintiff, if any, was centered in Delaware, and, as noted, any allegedly negligent conduct by the Diocese occurred here.  Plaintiff had no relationship, settled or otherwise, with Vermont; he merely was taken there by Fr. Smith.  Applying the Restatement principles to these circumstances, it is clear that the law of Delaware, not Vermont, governs the respective duties and liabilities of the parties.

The only connection to Vermont in this case is that the alleged abuse by Fr. Smith occurred there. Vermont has no more than a "fortuitous" connection to this case. Fr. Smith just as easily could have taken Plaintiff to New Hampshire, or Pennsylvania, or to a score of other states, on a ski trip. It just so happened that Vermont was where Fr. Smith decided to travel. In this circumstance, the Restatement explicitly recognizes that the law of the state where the injury occurred should not apply. *See* RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. e ("Situations do arise, however, where the place of injury will not play an important role in the selection of the state of the applicable law. This will be so, for example, when the place of the injury can be said to be fortuitous or when for other reasons it bears little relation to the occurrence and the parties with respect to the particular issue.").

The Diocese and Archmere neither had nor have any connection whatsoever to Vermont, and they had absolutely no idea that they would be subject to Vermont laws for conduct by them that occurred solely in Delaware. *See* RESTATEMENT (SECOND) CONFLICT OF LAWS § 6 cmt. g ("Generally speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state."); RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. e ("Situations may also arise where the defendant had little, or no, reason to foresee that his act would result in injury in the particular state. Such lack of foreseeability on the part of the defendant is a factor that will militate against selection of the state of injury as the state of the applicable law."). Restatement principles militate against the application of Vermont law to the conduct of the defendants, and the claims of the Plaintiff against them.

Applying Delaware law to Plaintiff's claims against the Diocese does not preclude the application of Vermont law to other issues in this action, such as Plaintiff's claims against Fr. Smith. *See Yoder v. Delmarva Power & Light Co.*, 2003 Del. Super. LEXIS 431, at *9-10 (Dec. 31, 2003) ("[I]f warranted, the law of one state may be found to apply to some issues, while the law of another state may be found to applies to others."); *accord Berg Chilling Sys., Inc. v. Hull Corp.*, 2006 U.S. App. LEXIS 2318, at *14 (3d Cir. Jan. 31, 2006) ("Because choice of law analysis is issue specific, different states' laws may apply to different issues in a single case, a principle known as 'depecage.'"); RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. d ("The courts have long recognized that they are not bound to decide all issues under the local law of a single state.").

Applying Delaware's choice of law rules, and the Restatement's most significant relationship test, it is clear that Delaware law governs Plaintiff's claims against the Diocese.

### 2.   Choice of Law and Statutes of Limitation

Specifically regarding statutes of limitation, Delaware's statutory choice of law rules make it even more clear that Delaware's two-year statute of limitations is applicable to Plaintiff's claims against the Diocese.

Delaware, like many other states, has a "borrowing statute," which is designed to discourage forum-shopping by plaintiffs:

> § 8121.  Cause of action arising outside State
>
> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country

> where the cause of action arose, for bringing an action based upon such cause of action.

10 DEL. C. § 8121. If this Court determines that Plaintiff's cause of action against the Diocese arose outside of Delaware (*i.e.*, in Vermont), then this Court, sitting in Delaware, must apply Delaware's borrowing statute. *Am. Energy Techs., Inc. v. Colley & McCoy Co.*, 1999 U.S. Dist. LEXIS 7097, at *9 (D. Del. Apr. 15, 1999). Because Delaware's statute of limitations applicable to Plaintiff's claims (2 years from the date of injury, 10 DEL. C. § 8119) is shorter than Vermont's limitations period (6 years from the date upon which a plaintiff makes the connection between abuse and injuries, VT. STAT. ANN. tit. 12, § 522 (2004)), this Court must apply Delaware's statute of limitations (assuming Plaintiff's cause of action arose in Vermont). *Accord Hartz v. Diocese of Greenburg*, 94 Fed. Appx. 52, 55 (3d Cir. 2004) (The Third Circuit affirmed the Pennsylvania District Court's decision in a diversity case holding that Pennsylvania's borrowing statute, which is similar to Delaware's, dictated that Pennsylvania's two year statute of limitations applied; and therefore, the plaintiff could not "avail himself of a more lenient statute of limitations rule.").

Furthermore, the Restatement also contains a provision which specifically addresses choice of law with respect to statutes of limitation:

> § 142 Statutes of Limitation of Forum
> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
> (1)  The forum will apply its own statute of limitations barring the claim.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 (1988 revisions). Section 142 of the Restatement (Second) of Conflict of Laws is consistent with § 8121 of Title 10 of the

Delaware Code; both provide for the application of the shorter statute of limitations. The difference is that § 8121 only applies when the cause of action arose outside of Delaware.

The comments to § 142 of the Restatement recognize that there may be "exceptional" circumstances when the forum state "will entertain a claim that is barred by its own statute of limitations but not by that of some other state." RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 cmt. f.

> This may be so when through no fault of the plaintiff an alternative forum is not available, as for example, where jurisdiction could not be obtained over the defendant in any state other than that of the forum ....
>
> There will also be situations where suit in the alternative forum, although not impossible, would be extremely inconvenient for the parties. .... In this connection at least two factors should be considered. ... [First t]he more substantial [the] relationship [between the cause of action and the forum], the greater is the likelihood that forum policy will be found to require dismissal of the claim under the forum's statute of limitations. And this will almost surely be so in a situation where the state of the forum is the one of most significant relationship to the other important issues in the case. ... [Second, w]here the difference [between the length of the forum's statute of limitations and that of the other state] is great, the forum policy against enforcement of stale claims probably will require application of the forum's own statute.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 142 cmt. f. The facts of Plaintiff's case are not "exceptional" as envisioned by the comments to § 142. First, as explained above, Delaware's connection to the "other important issues in the case" is much stronger than Vermont's. Second, the difference between the statutes of limitation of Delaware and Vermont is great. Vermont provides plaintiffs with an almost limitless time frame within which to bring an action for sexual abuse. Delaware, on the other hand, adheres to a strict two-year statute of limitations. Thus, under § 142 of the Restatement, as well as

under § 146, Delaware's statute of limitations governs Plaintiff's claims against the Diocese.

The Delaware Court of Chancery has enforced this principle, holding that § 142 of the Restatement mandates application of the forum state's statute of limitations whenever there is a conflict of laws. *VLIW Tech., Inc. v. Hewlett-Packard Co.,* 2005 Del. Ch. LEXIS 59, at *39 (May 5, 2005); *accord Juran v. Bron*, 2000 Del. Ch. LEXIS 143, at 37 n.36 (Oct. 6, 2000) (while recognizing that the equity court was not required to apply statute of limitations, stating that "had this been an action at law ... Delaware limitations periods would apply").

Therefore, whether by application of the most significant relationship test of § 146 of the Restatement (Second) of Conflict of Laws, § 8121 of Title 10 of the Delaware Code, or application of § 142 of the Restatement, Delaware's two-year statute of limitations, 10 DEL. C. § 8119, and not Vermont's six-year statute of limitations, must be applied to Plaintiff's claims against the Diocese.

### C.   Plaintiff's Claims Are Barred By Delaware's Two-Year Statute of Limitations

Plaintiff alleges that he was abused by Fr. Smith in February or March of 1984 and 1985. More than twenty years later, in November 2005, Plaintiff filed this action to recover damages for the abuse by Fr. Smith. The statute of limitations for personal injury actions under Delaware law requires that such an action must be brought within two (2) years of the date of injury. 10 DEL. C. § 8119. Applying Delaware's two-year statute of limitations, Plaintiff's claims are barred.

Plaintiff's claims are time-barred under any interpretation of his complaint. Plaintiff alleges that by "spring of 2003" he was aware that the abuse caused

his injuries. Even if this allegation is read as suggesting that the statute of limitations somehow was tolled until the spring of 2003, Plaintiff brought this action more than two years later, in November 2005. Historically, Delaware courts have construed statutes of limitations strictly, refusing to create exceptions, and precluding claimants from presenting stale claims. *Ewing v. Beck*, 520 A.2d 653, 660 (Del. 1987) (citing *Lewis v. Pawnee Bill's Wild W. Co.*, 66 A. 471, 474 (Del. 1907)); *accord Wilson v. King*, 673 A.2d 1228, 1230, 1232 (Del. Super. 1996). Under Delaware's two-year statute of limitations, and even using the "spring 2003" date as the trigger date,[1] the statute of limitations applicable to Plaintiff's claims against the Diocese expired in the "spring" of 2005, well before the November 2005 filing date. And, of course, because the 1984 and 1985 instances of alleged abuse actually are the appropriate trigger dates, Plaintiff's claims have been stale for more than twenty years. Either way, under the two-year statute of limitations set forth in 10 DEL. C. § 8119, Plaintiff's claims against the Diocese are barred.

---

[1] Using "spring of 2003" as the time when the statute of limitations began to run on Plaintiff's cause of action assumes that the statute of limitations somehow was tolled under either the Delaware "discovery" rule or by another tolling mechanism recognized under Delaware common law. *See Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254, 255 (Del. Super. 1969) (fraudulent concealment); *Layton v. Allen*, 246 A.2d 794, 798 (Del. 1968) (discovery rule). Based on the allegations in the Complaint, there is no basis for tolling the statute of limitations in this case. The Diocese does not waive any arguments in this regard, but it is unnecessary to address the tolling issue because Plaintiff's claims against the Diocese fail even if Plaintiff receives the benefit of some tolling doctrine.

## CONCLUSION

For the foregoing reasons, Defendant Catholic Diocese of Wilmington, Inc. respectfully requests that this Honorable Court issue an order dismissing the Complaint in its entirety as to the Diocese.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com
       nwalsh@ycst.com
       jkinkus@ycst.com

Attorneys for Defendant
Catholic Diocese of Wilmington, Inc.

DATED:    June 23, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH J. WHITWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 05-796 (SLR) |
| ) | |
| ARCHMERE ACADEMY, INC., a ) | JURY TRIAL BY |
| Delaware corporation; CATHOLIC ) | TWELVE DEMANDED |
| DIOCESE OF WILMINGTON, INC., a ) | |
| Delaware corporation; Rev. EDWARD ) | |
| SMITH, individually and in his official ) | |
| capacity; and Rev. MICHAEL A. ) | |
| SALTARELLI, in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the attached Opening Brief of Defendant the Catholic Diocese of Wilmington, Inc. in Support of Its Motion ot Dismiss were served via Electronic Filing upon the following counsel of record:

Thomas S. Neuberger
Stephen J. Neuberger
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, DE 19801
*Attorneys for Plaintiff*

Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899-1630
*Attorneys for Defendant Archmere Academy, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (#74)
Nelli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
Attorneys for Defendant Catholic Diocese of Wilmington, Inc.

Dated: June 23, 2006