IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LT. CMDR. KENNETH J. WHITWELL, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-796 – SLR |
| | ) | |
| v. | ) | JURY TRIAL BY TWELVE |
| | ) | DEMANDED |
| | ) | |
| ARCHMERE ACADEMY, INC., a | ) | |
| Delaware corporation; CATHOLIC | ) | |
| DIOCESE OF WILMINGTON, INC., | ) | |
| a Delaware corporation; Rev. EDWARD | ) | |
| SMITH, individually and in his official | ) | |
| capacity; and Rev. MICHAEL A. | ) | |
| SALTARELLI, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF OF DEFENDANT
REV. MICHAEL A. SALTARELLI
<u>IN SUPPORT OF HIS MOTION TO DISMISS</u>**

Anthony G. Flynn (No. 74)
Neilli Mullen Walsh (No. 2707)
Jennifer M. Kinkus (No. 4289)
Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com

Attorneys for Defendant
Rev. Michael A. Saltarelli

Dated: November 6, 2006

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT .............................................................................................2

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT ..........................................................................................................................4

    I.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS. ........................................................................................................ 4

    II.   PLAINTIFF ACKNOWLEDGES IN HIS ANSWERING BRIEF THAT THE COMPLAINT ASSERTS NO THEORY OF LIABILITY AGAINST BISHOP SALTARELLI, THUS THE COMPLAINT AGAINST HIM SHOULD BE DISMISSED. .............................................................................................................. 4

    III.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS IN SUPPORT OF ITS INCLUSION OF BISHOP SALTARELLI AS A PARTY FOR EXECUTING A JUDGMENT AGAINST THE DIOCESE "SHOULD" THE DIOCESE'S ASSETS BE HELD IN HIS NAME. .................... 5

CONCLUSION.......................................................................................................................7

DB02:5589419.1                                                                                                                          059604.1013

# TABLE OF AUTHORITIES

**CASES**

*Crosse v. BCBSDE, Inc.*
    836 A.2d 492 (Del. 2003) .................................................................................. 4

*Harco Nat'l Ins. Co. v. Green Farms, Inc.*
    1989 Del. Ch. LEXIS 114 (Sept. 19, 1989) ...................................................... 5

*Parker v. Delaware Dept. of Public Safety*
    11 F. Supp. 2d 467 (D. Del. 1998) .................................................................... 6

**OTHER AUTHORITIES**

WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 .............................. 6

DB02:5589419.1                                                                                                                                 059604.1013

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Kenneth J. Whitwell (hereinafter "Plaintiff") filed this action against Archmere Academy, Inc. (hereinafter "Archmere"), the Catholic Diocese of Wilmington, Inc. (hereinafter the "Diocese"), Rev. Edward Smith (hereinafter "Fr. Smith"), and Rev. Michael A. Saltarelli (hereinafter "Bishop Saltarelli") on November 17, 2005, seeking money damages for personal injuries arising from alleged sexual abuse by Fr. Smith. The jurisdiction of this Court is based upon diversity of citizenship.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed a Motion to Dismiss on March 27, 2006, together with a Stipulated Briefing Schedule which was approved by this Court on March 29, 2006.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed an Opening Brief in Support of its Motion to Dismiss on June 23, 2006. Plaintiff filed his Joint Answering Brief in Opposition to Defendants' Motions to Dismiss on September 22, 2006.

This is the Reply Brief of Bishop Saltarelli in support of his Motion to Dismiss.

## SUMMARY OF ARGUMENT

I.   In support of his Motion to Dismiss, Bishop Saltarelli adopts the arguments set forth in the Opening Brief, and reiterated in the Reply Brief, of Defendant Catholic Diocese of Wilmington, Inc., In Support Of Its Motion To Dismiss ("Diocesan Opening Brief" and "Diocesan Reply Brief"), also filed on this date. Specifically, for the reasons stated in the Diocesan Opening Brief and Diocesan Reply Brief, the claims set forth in the Complaint fail to state a claim against the Bishop because they are barred by the applicable statute of limitations.

II.   Plaintiff's Complaint fails to state any theory of liability against Bishop Saltarelli, or to plead facts sufficient to pierce the corporate veil of the Diocese to reach Bishop Saltarelli "in his official capacity as agent or alter ego of the Diocese," which insufficiency Plaintiff acknowledges in his Answering Brief.

III.   Plaintiff's complaint purports to sue Bishop Saltarelli "for purposes of collecting a money judgment against the Diocese, should [the Diocese's] assets be titled in his name," yet Plaintiff's complaint alleges no facts to support an inference that the assets of the Diocese are held in Bishop Saltarelli's name.

For all of these reasons, Plaintiff's claims against Bishop Saltarelli must be dismissed.

## STATEMENT OF FACTS

Bishop Saltarelli adopts the Statement of Facts as set forth in the Diocesan Reply Brief.

Bishop Saltarelli is the current Bishop of the Diocese. (D.I. 1, Complaint ¶ 14). Plaintiff alleges that Bishop Saltarelli "is sued only in his official capacity as agent or alter ego of the Diocese for purposes of collecting a money judgment against the Diocese, should its assets be titled in his name." (D.I. 1, Complaint ¶ 14). Bishop Saltarelli is a citizen of the State of Delaware. (D.I. 1, Complaint ¶ 14).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Bishop Saltarelli adopts the arguments set forth in the Diocesan Opening Brief, and reiterated in the Diocesan Reply Brief, regarding choice of law and the statute of limitations. For the reasons stated in the Diocesan Opening Brief and Diocesan Reply Brief, Plaintiff's claims against Bishop Saltarelli are barred by the applicable statute of limitations.

### II. PLAINTIFF ACKNOWLEDGES IN HIS ANSWERING BRIEF THAT THE COMPLAINT ASSERTS NO THEORY OF LIABILITY AGAINST BISHOP SALTARELLI; THUS THE COMPLAINT AGAINST HIM SHOULD BE DISMISSED.

Plaintiff's Complaint fails to allege sufficient facts to support any theory of liability against Bishop Saltarelli, and Plaintiff, in his Answering Brief, acknowledges that failure. (D.I. 17, p. 32). Plaintiff claims that Bishop Saltarelli is being sued only "in his official capacity as agent or alter ego" of the Diocese. (D.I. 17 p. 32, Compl. ¶14). Despite Plaintiff's assertions to the contrary, to sustain a claim against Bishop Saltarelli as "agent or alter ego" of the Diocese, as a defendant *separate* from the Diocese, Plaintiff must allege facts sufficient to warrant piercing the Diocese's corporate veil. *See Crosse v. BCBSDE, Inc.*, 836 A.2d 492, 497 (Del. 2003) (stating that to hold the officers and directors directly liable for alleged mismanagement, the court must pierce the corporate veil). The Complaint fails to allege a single fact in support of piercing the Diocese's corporate veil to reach Bishop Saltarelli. In fact, Plaintiff dismisses the idea that any facts are needed: "[P]laintiff is at a loss as to why this defendant surveys the state of

4

piercing the corporate veil law in Delaware. . . ." (D.I. 17, p. 32). Plaintiff's bare allegation that Bishop Saltarelli is being sued only in his official capacity does not meet the high standard required under Delaware law to pierce the corporate veil of the Diocese and include Bishop Saltarelli as a defendant to this action. *Harco Nat'l Ins. Co. v. Green Farms, Inc.*, 1989 Del. Ch. LEXIS 114, at *10 (Sept. 19, 1989) (finding that "persuading a Delaware Court to disregard the corporate entity is a difficult task" and that the "legal entity of a corporation will not be disturbed until sufficient reason appears").

III.  **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS IN SUPPORT OF ITS INCLUSION OF BISHOP SALTARELLI AS A PARTY FOR EXECUTING A JUDGMENT AGAINST THE DIOCESE "SHOULD" THE DIOCESE'S ASSETS BE HELD IN HIS NAME.**

Plaintiff's Complaint also fails to allege a single fact in support of his theory that Bishop Saltarelli should be made a party to this action for the purpose of recovering a judgment. In his Answering Brief Plaintiff contends that his bare language conditioning Bishop Saltarelli's alleged liability – "should [the Diocese's] assets be titled in his name" – is enough to establish a claim against Bishop Saltarelli. But Plaintiff does not include any facts in the Complaint to support an inference that the Diocese's assets are titled in his name. Plaintiff's claims, as they relate to Bishop Salterelli, should therefore be dismissed.

Plaintiff attempts to remedy his failure to allege any facts to support an inference that assets of the Diocese are titled in the Bishop's name by attaching to his Answering Brief a copy of the Certificate of Incorporation of the Diocese. Putting to one side whether reference to a document outside the pleadings is permissible at this stage of the proceedings, *cf.* 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE

§ 1357, at 375; *Parker v. Delaware Dept. of Public Safety*, 11 F. Supp. 2d 467 (D. Del. 1998) (permitting the review of the facts alleged in the complaint and attachments to the complaint on a motion to dismiss), the Certificate of Incorporation of the Diocese actually demonstrates that the assets of the Diocese are not owned by the Bishop. The Certificate of Incorporation enables the Diocese to acquire, hold and dispose of real and personal property, Certificate of Incorporation of Catholic Diocese of Wilmington, Inc. (attached as Exhibit A to Plaintiff's Answering Brief; hereinafter "Cert. of Inc."), art. Third, and specifically distinguishes between the assets of the Diocese and the personal assets of the Bishop for purposes of execution on judgments against the Diocese. Cert. of Inc. art. Tenth ("The private property of the sole member [the Bishop], of officers, agents, or employees shall not be subject to the payment of corporate obligations."). The Certificate of Incorporation also specifically provides that, upon dissolution of the corporation, no assets of the Diocese shall be distributed to, or inure to the benefit of, the Bishop. Cert. of Inc. art. Thirteenth.

Therefore, not only are there no facts alleged to support an inference that the Bishop holds title to assets of the Diocese, the only proferred evidence in support of that inference actually demonstrates that the Bishop does not own any assets of the Diocese. For these reasons, there is absolutely no basis for the Bishop to be a defendant in this action, in his official capacity or otherwise.

## CONCLUSION

For the foregoing reasons, Defendant Rev. Michael A. Saltarelli respectfully requests that this Honorable Court issue an order dismissing the Complaint in its entirety as to Bishop Saltarelli.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (No. 74)
Neilli Mullen Walsh (No. 2707)
Jennifer M. Kinkus (No. 4289)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com

*Attorneys for Defendant Diocese of Wilmington, Inc.*

Dated: November 6, 2006