# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LT. CMDR. KENNETH J. WHITWELL,<br><br>Plaintiff,<br><br>v.<br><br>ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity,<br><br>Defendants. | ) | C.A. No. 05-796 – SLR<br><br>JURY TRIAL BY TWELVE DEMANDED |

## REPLY BRIEF OF DEFENDANT CATHOLIC DIOCESE OF WILMINGTON, INC. IN SUPPORT OF ITS MOTION TO DISMISS

Anthony G. Flynn (No. 74)
Neilli Mullen Walsh (No. 2707)
Jennifer M. Kinkus (No. 4289)
Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com

*Attorneys for Defendant Diocese of Wilmington*

Dated: November 6, 2006

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ..... 1

SUMMARY OF ARGUMENT ..... 2

STATEMENT OF FACTS ..... 3

ARGUMENT ..... 5

I. DELAWARE'S BORROWING STATUTE REQUIRES THE APPLICATION OF DELAWARE'S TWO-YEAR STATUTE OF LIMITATIONS. ..... 5

II. DELAWARE HAS THE MOST SIGNIFICANT RELATIONSHIP TO THE CAUSE OF ACTION, AND THUS DELAWARE LAW MUST APPLY ..... 8

III. PLAINTIFF'S CLAIMS, WHICH OCCURRED AT LEAST TWENTY YEARS BEFORE SUIT WAS FILED, ARE BARRED BY DELAWARE'S TWO-YEAR STATUTE OF LIMITATIONS ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## CASES

*Dymond v. NBC, Inc.*
559 F. Supp. 734 (D. Del. 1983) .......... 5

*Elmer v. Tenneco Resins, Inc.*
698 F. Supp. 535 (D. Del. 1988) .......... 5

*Hartz v. The Diocese of Greensburg*
94 Fed. App'x 52 (3d Cir. 2004) .......... 6

*Saudi Basic Industries Corporation v. Mobil Yanbu Petrochemical Company, Inc.*
866 A.2d 1 (Del. 2005) .......... 7

*Travelers Indem. Co. v. Lake*
594 A.2d 38 (Del. 1991) .......... 8

*Yoder v. Delmarva Power & Light Co.*
2003 Del. Super. LEXIS 431 (Dec. 31, 2003) .......... 9

## STATUTES

10 DEL. C. § 8119 .......... 5, 10

10 DEL. C. § 8121 .......... 5

42 PA. CONS. STAT. ANN. § 5521(b) .......... 6

VT. STAT. ANN. tit. 12, § 522(a) .......... 5

## OTHER AUTHORITIES

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 .......... 8

RESTATEMENT (SECOND) CONFLICT OF LAWS § 146 .......... 8

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Kenneth J. Whitwell (hereinafter "Plaintiff") filed this action against Archmere Academy, Inc. (hereinafter "Archmere"), the Catholic Diocese of Wilmington, Inc. (hereinafter the "Diocese"), Rev. Edward Smith (hereinafter "Fr. Smith"), and Rev. Michael A. Saltarelli (hereinafter "Bishop Saltarelli") on November 17, 2005, seeking money damages for personal injuries arising from alleged sexual abuse by Fr. Smith. The jurisdiction of this Court is based upon diversity of citizenship.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed a Motion to Dismiss on March 27, 2006, together with a Stipulated Briefing Schedule, which was approved by this Court on March 29, 2006.

Defendants Archmere, the Diocese, and Bishop Saltarelli each filed an Opening Brief in Support of its Motion to Dismiss on June 23, 2006. Plaintiff filed his Joint Answering Brief in Opposition to Defendants' Motions to Dismiss on September 22, 2006.

This is the Reply Brief of the Diocese in support of its Motion to Dismiss.

## SUMMARY OF ARGUMENT

As set out in the Diocese's Opening Brief, Plaintiff's claims against the Diocese must be dismissed because they are barred by Delaware's statute of limitations, which requires that a personal injury action be brought within two years of the date of injury. Despite Plaintiff's argument to the contrary, Delaware's borrowing statute requires the application of Delaware's two-year statute of limitations, not Vermont's much more lenient statute. Delaware, not Vermont, has the most significant relationship to the cause of action at issue in this case. Plaintiff alleges that he was abused by Fr. Smith in 1984 and 1985, during the time when Plaintiff was a student at Archmere, and Fr. Smith was a member of the faculty. Inasmuch as Plaintiff's cause of action arose more than twenty years ago, his claims in this case are time-barred, and must be dismissed.

## STATEMENT OF FACTS

Despite Plaintiff's lengthy recitation of facts in his Answering Brief, the only facts relevant to this Court's decision on the Defendants' Motion to Dismiss are those which were pled in Plaintiff's Complaint.

Plaintiff alleges that while he was a student at Archmere from 1982 to 1986 (D.I. 1, Compl. ¶ 30), Fr. Smith twice took him to Vermont on ski trips, in February or March of 1984 and 1985. (D.I. 1, Compl. ¶ 37). Plaintiff alleges that during these ski trips, Fr. Smith committed sexual abuse against Plaintiff. (D.I. 1, Compl. ¶ 39). Plaintiff claims that he suffered immediate and long-term injuries as a result of the alleged abuse. (D.I. 1, Compl. ¶ 40).

Plaintiff alleges that in the spring of 2003 he first discovered a causal connection between the alleged 1984/1985 abuse and the injuries for which he is seeking damages in this action. (D.I. 1, Compl. ¶ 43).

Plaintiff filed this action on November 17, 2005, seeking damages for: Assault, Battery, and Childhood Sexual Abuse (Vermont Torts) (Count I of the Complaint); Intentional Infliction of Emotional Distress (Vermont Tort) (Count II); and Negligence and Breach of Fiduciary Duty (Vermont Tort) (Count III). (D.I. 1, Compl. ¶¶ 78-112). Plaintiff argues that Vermont law applies to the issues in this case, including the applicable statute of limitations, because Vermont has the most significant relationship to the parties. (D.I. 1, Compl. ¶ 6).

Plaintiff is currently a resident of the State of Virginia and a citizen of the State of Florida. (D.I. 1, Compl. ¶ 7). During the period from 1982 to 1986, when Plaintiff attended high school at Archmere, Plaintiff was a resident of the Commonwealth of Pennsylvania. (D.I. 1,

Compl. ¶ 7). Archmere is a Delaware corporation located in Claymont, Delaware. (D.I. 1, Compl. ¶ 9). The Diocese is a Delaware corporation with its principal place of business in Wilmington, Delaware. (D.I. 1, Compl. ¶ 11). Bishop Saltarelli is a citizen of Delaware. (D.I. 1, Compl. ¶ 14).

## ARGUMENT

### I. DELAWARE'S BORROWING STATUTE REQUIRES THE APPLICATION OF DELAWARE'S TWO-YEAR STATUTE OF LIMITATIONS.

The parties agree that "[a] Federal District Court sitting in diversity in Delaware must apply Delaware conflict of law rules in determining what state law will govern." *Dymond v. NBC, Inc.*, 559 F. Supp. 734, 735 (D. Del. 1983). Where the cause of action allegedly arose outside of Delaware, Delaware's choice of law rule is codified in its "borrowing statute," 10 DEL. C. § 8121. Delaware's borrowing statute clearly requires that the Delaware limitations period applicable to personal injury actions, which is shorter than the comparable Vermont statute of limitations, must apply to Plaintiff's claims:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

10 DEL. C. § 8121; *see also Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 538 (D. Del. 1988) (applying Delaware's borrowing statute in an action filed this Court because the alleged cause of action arose outside of Delaware, and Delaware's limitations period was shorter than that provided in the jurisdiction where the cause of action arose). Simply put, if this Court determines that Plaintiff's cause of action against the Diocese arose not in Delaware but instead in Vermont, then the Court must apply Delaware's two-year statute of limitations, because it is shorter than Vermont's much more lenient statute.[1] *Compare* 10 DEL. C. § 8119 *with* VT. STAT. ANN. tit. 12, § 522(a).[2]

---

[1] Because Plaintiff was a student, and Fr. Smith was a faculty member, at Archmere Academy, in Claymont, Delaware, throughout the time of the abuse alleged in the Complaint, and because any duties owed by Archmere and

In *Hartz v. The Diocese of Greensburg*, 94 Fed. App'x 52 (3d Cir. 2004), a recent clerical sexual abuse case very similar to the matter before the Court here, the Third Circuit Court of Appeals affirmed the District Court's dismissal of the action as time-barred, based on its application of a borrowing statute in a diversity case to apply the forum state's shorter limitations period. *Id.* at 54. The Court of Appeals held that the District Court properly refused to engage in a conflict of law analysis, where the forum state's borrowing statute clearly applied, and required application of that state's shorter limitations period. The Court of Appeals noted that the plaintiff "[could] not avail himself of a more lenient statute of limitations" even if the trial court found that the alleged abuse had occurred in a state with such a statute. *Id.* at 55.

Plaintiff argues that *Hartz* is inapplicable here because it involved the application of Pennsylvania, rather than Delaware, law. However, the pertinent Pennsylvania borrowing statute is very similar to Delaware's statute, providing that:

> [T]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

42 PA. CONS. STAT. ANN. § 5521(b). The Delaware and Pennsylvania borrowing statutes thus contain very similar operative language, requiring application of the shorter statute of limitations in cases such as this one. The Third Circuit's holding in *Hartz* applies with equal weight here, requiring use of Delaware's borrowing statute to apply the forum state's shorter statute of limitations, which bars Plaintiff's stale claims.

---

the Diocese to Plaintiff arose from their operations in Delaware, Plaintiff's purported cause of action against Archmere and the Diocese also arose in Delaware. If this Court concludes that Plaintiff's cause of action arose here, then obviously Delaware's statute of limitations applies to his claims, regardless of Delaware's borrowing statute.

[2] The Vermont statute of limitations provides that a civil action to recover damages for injury suffered as a result of childhood sexual abuse "shall be commenced within six years of the act alleged to have caused the injury or condition, or six years of the time the victim discovered that the injury or condition was caused by that act, whichever period expires later." VT. STAT. ANN. tit 12, § 522(a).

In his effort to avoid application of the clear mandate of Delaware's borrowing statute, Plaintiff completely misconstrues the Delaware Supreme Court's decision in *Saudi Basic Industries Corporation v. Mobil Yanbu Petrochemical Company, Inc.*,866 A.2d 1 (Del. 2005). In *Saudi Basic Industries*, the Delaware Supreme Court upheld the trial court's refusal to apply Delaware's borrowing statute because the plaintiff chose the Delaware forum not to seek a recovery, but in an effort to forestall a counterclaim by the defendant. *Saudi Basic Industries*, 866 A.2d at 18. The plaintiff in *Saudi Basic Industries* was the putative wrongdoer in a contract dispute, and filed a declaratory judgment action seeking a determination that it was not in breach. The plaintiff chose Delaware as its forum because it believed the Delaware borrowing statute would require the application of Delaware's three-year statute of limitations to the underlying contract claims, and so bar any counterclaim. *Id.* at 17. Under these circumstances, the Delaware Supreme Court concluded, as a matter of policy, that to permit the plaintiff to engage in such forum-shopping to escape liability would subvert the purpose behind Delaware's borrowing statute. *Id.*

Contrary to Plaintiff's argument, the *Saudi Basic Industries* decision did not "rearrange the legal landscape" regarding the application of Delaware's borrowing statute. If a plaintiff comes to Delaware in pursuit of a cause of action which arose elsewhere, the plaintiff is stuck with Delaware's statute of limitations, if it is shorter than the limitations period provided in the jurisdiction where the cause of action arose. This does not mean, however, that a plaintiff can avail itself of the Delaware forum, and then use its borrowing statute to shield itself from claims that would be viable in the other jurisdiction. That is all the Delaware Supreme Court said in *Saudi Basic Industries*, and it in no way undermines application of Delaware's borrowing statute in this case.

Plaintiff chose the Delaware forum to recover damages on a cause of action that it contends arose in Vermont. Having chosen the Delaware forum, the viability of Plaintiff's claim must be judged under Delaware law, including its borrowing statute. Under Delaware's borrowing statute, Delaware's two-year statute of limitations, which is shorter than Vermont's limitations period, applies to bar Plaintiff's claims.

## II. DELAWARE HAS THE MOST SIGNIFICANT RELATIONSHIP TO THE CAUSE OF ACTION, AND THUS DELAWARE LAW MUST APPLY

Only if the Court determines that Delaware's borrowing statute does not apply must the Court engage in any further choice of law analysis. The parties agree that to determine a choice of law question in a tort case, a federal court sitting in Delaware must apply the Restatement's "most significant relationship" test. *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991); RESTATEMENT (SECOND) CONFLICT OF LAWS § 145(1) (noting that in tort cases, a court should apply the law of the state with the most significant relationship to the occurrence and the parties); *see also* RESTATEMENT (SECOND) CONFLICT OF LAWS § 146 (providing that, in personal injury actions, a court should apply the law of the state where the injury occurred, unless some other state has a more significant relationship to the occurrence and the parties).

The parties have exhaustively addressed in their opening and answering briefs the numerous Restatement factors, and how they apply to this case. Suffice it to say that neither the Plaintiff, nor Archmere, nor the Diocese, nor Bishop Saltarelli, has any connection to Vermont. The only connection between any of the parties and Vermont is that the Plaintiff's injury allegedly occurred there. Even assuming that Vermont was the place of the occurrence of the alleged harm, this Court need not, and should not, apply Vermont law. *See* RESTATEMENT (SECOND) CONFLICT OF LAWS, § 145 cmt. e ("Situations do arise, however, where the place of injury will not play an important role in the selection of the state of the applicable law . . . for

example, when the place of the injury can be said to be fortuitous or when for other reasons it bears little relation to the occurrence and the parties with respect to the particular issue.") The parties here disagree whether the relationship of Vermont to the cause of action is "fortuitous," but Plaintiff alleged no fact in his Complaint to support an inference that Fr. Smith specifically chose Vermont for the ski trips for any particular reason. And even if he did, this Court may apply Vermont law to Plaintiff's claims against Fr. Smith without applying Vermont law to all Defendants. *Yoder v. Delmarva Power & Light Co.*, 2003 Del. Super. LEXIS 431, at *9-10 (Dec. 31, 2003). From the perspective of all of the defendants except perhaps Fr. Smith, the connection of Vermont to Plaintiff's cause of action is entirely fortuitous because it is Fr. Smith's alleged misconduct, and not that of any of the other defendants, which ties the claims to Vermont. Any alleged act or omission of the other defendants occurred entirely in Delaware.

Thus Delaware, not Vermont, has the more significant relationship to the occurrence and the parties, particular insofar as Plaintiff's claims against the Diocese are concerned. The Diocese is incorporated and does business in Delaware. (D.I. 1, Compl. ¶ 11). Any relationship between the Diocese and Plaintiff, and thus any duty that the Diocese may have had to Plaintiff, arose and was centered in Delaware, because it arose from Plaintiff's four-year attendance at Archmere, in Claymont, Delaware. (D.I. 1, Compl. ¶ 30). Most importantly, any allegedly negligent conduct of the Diocese in licensing, authorizing, sanctioning, acquiescing, or approving of Fr. Smith's alleged misconduct occurred entirely in Delaware. (See D.I. 1, Compl ¶ 17). Because Delaware has the most significant relationship to Plaintiff's claims against the Diocese, Delaware law, including its two-year statute of limitations, must apply.

## III. PLAINTIFF'S CLAIMS, WHICH OCCURRED AT LEAST TWENTY YEARS BEFORE SUIT WAS FILED, ARE BARRED BY DELAWARE'S TWO-YEAR STATUTE OF LIMITATIONS

As set forth in the Opening Brief of the Diocese, and as referenced above, Plaintiff's claims are barred by Delaware's two-year statute of limitations, which requires that personal injury actions be brought within two years of the date of injury. 10 DEL. C. § 8119. Plaintiff concedes this in his Answering Brief. (D.I. 17, p 15-16, 19). The actions alleged to have caused the harm to Plaintiff occurred in 1984 and 1985, at least twenty years prior to the commencement of this action. Even if this Court finds that Plaintiff's claims were tolled[3], the latest date to which they could be tolled would be "spring 2003." (D.I. 1, Compl. ¶ 57). Because Plaintiff did not bring this action until November 17, 2005, more than two years after "spring 2003," the two year statute of limitations acts to bar Plaintiff's claim.

[3] As stated in the Opening Brief of the Diocese, Plaintiff has not alleged facts sufficient to form a basis for tolling the statute of limitations. The Diocese does not waive any arguments in this regard, but it is unnecessary to address tolling because Plaintiff's claims are barred even if tolling is warranted.

**CONCLUSION**

For the foregoing reasons, Defendant Catholic Diocese of Wilmington, Inc., respectfully requests that this Honorable Court issue an order dismissing the Complaint in its entirety as to the Diocese.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anthony G. Flynn (No. 74)
Neilli Mullen Walsh (No. 2707)
Jennifer M. Kinkus (No. 4289)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: aflynn@ycst.com

*Attorneys for Defendant Diocese of Wilmington, Inc.*

Dated: November 6, 2006