# THE NEUBERGER FIRM

ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*

*(LICENSED ONLY IN PA AND NJ)

PHONE: (302) 655-0582
Fax: (302) 655-9329

December 21, 2006

**VIA HAND DELIVERY and CM/ECF**

The Honorable Sue L. Robinson
Lock Box 31
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE: **Whitwell v. Archmere, et al.**, C.A.No. 05-796-SLR
**Upcoming Default Hearing**

Dear Chief Judge Robinson:

The court has scheduled a default hearing in this matter for January 30, 2007 at 8:30 a.m. (D.I. 24).

Based on my experience, this is a rare proceeding. My only base of reference is the procedure followed in the Delaware Superior Court. There the upcoming hearing would only be for the purpose of entering the default and scheduling a later hearing or trial on the compensatory and punitive damages, if any, to be awarded. My research has revealed that there is precedent for the federal courts to follow a similar scenario. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994)(in a default action for unliquidated damages, if it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing pursuant to Fed.R.Civ.P. 55(b)(2)); Comdyne I, Inc. V. Corbin, 908 F.2d 1142, 1152 (3d Cir. 1990) ("punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable.").

I respectfully request that the Court follow a similar two part procedure in our present case. Could the Court please reply so that I am on notice and know how I am to prepare for and present my case in this matter? I will need to use one medical expert at trial and need to prepare

The Honorable Sue L. Robinson
December 21, 2006
Page 2

and schedule that physician.

The case law also permits a jury to hear this matter in either an advisory or other capacity. Hutton v. Fisher, 359 F.2d 913, 916-917 (3d Cir. 1966)(affirming award of damages by a jury in default damages hearing); Pen-O-Tex Oil & Leasehold Co v. Pittsburgh Western Oil Co., 66 F.2d 657 (3d Cir. 1933)(stating that the district court held a jury trial on the issue of damages in a default hearing); U.S. Fire Ins. Co. v. Aldworth Co., Inc., 2005 WL 1522280, *2 (D.N.J. June 28, 2005)(district court entered default judgment and tried the amount of damages to a jury); Rankin v. SEPTA, 1986 WL 12430, *1 (E.D.Pa. Oct. 31, 1986)(district court granted plaintiff's motion for default judgment and ordered a jury trial on damages); see also Goodman v. DeAzoulay, 1986 WL 4988, *2 (E.D.Pa. Apr. 23, 1986)(finding no *jury issue* with regard to damages since both parties agreed to be bound by amount stated in joint pretrial order) and Winters v. Textron, Inc., 187 F.R.D. 518, 522 (M.D.Pa. July 12, 1999)(district court order stating failure to comply with the court's order will result in "default judgment and a jury trial on the issue of damages").

Consequently, plaintiff requests that the issue of damages be scheduled for a one and a half day jury trial. Damages herein are not liquidated but consist of tort damages for personal injuries and emotional distress, as well as punitive damages. A jury is uniquely qualified to address such an award.

Very truly yours,

Thomas S. Neuberger

cc:   Commander Kenneth Whitwell (via email)

Whitwell \ Letters \ Robinson.02