IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lt. Commander KENNETH J. WHITWELL, U.S. Navy, | : |
| Plaintiff, | : |
| v. | : C.A.No.05-796-SLR |
| ARCHMERE ACADEMY, INC., a Delaware corporation; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. EDWARD SMITH, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity, | : |
| Defendants. | : |

### UNSWORN DECLARATION OF ROBERT DELACY REGARDING D.I. 5 UNDER 28 U.S.C. § 1746

I, Robert DeLacy, hereby depose and state as follows:

1. I have personal knowledge of the facts contained in this declaration and, if called as a witness, I am competent to testify as to those facts.

2. I am the founder of D.M. Professional Services, Inc. I have been a professional process server for 20 years.

3. D.I. 5 is a sworn Return of Service signed by my employee, Ronald Lennon mistakenly with a date of January 3, 2005. The date on this Return of Service is incorrect since service on Fr. Smith was completed on January 3, 2006.

4. After a careful review of D.I. 5, it has come to my attention that Ronald Lennon was not the person who effected service upon defendant Smith. Instead, I personally completed this service.

5. The regular business practice at D.M. Professional Services, Inc. is to assign those cases needing service of process to individual process servers at the beginning of the day. Ronald Lennon was assigned to serve process upon defendant Smith on January 3, 2006.

6. Due to the sheer volume of cases in which D.M. Professional Services serves process on a daily basis, Ronald Lennon was backlogged.

7. In an effort to help with the backlog and to ensure timely and complete service upon this defendant, I decided to complete the service myself. After successfully completing the service on defendant Smith, I returned the Return of Service form to our secretary for her to complete.

8. I failed to notify the secretary that I had completed service upon defendant Smith, and not Ronald Lennon.

9. She then typed up the Return of Service and submitted it to Ronald Lennon to sign.

10. Ronald Lennon then inadvertently signed the Return of Service.

11. While the Return of Service was inadvertently signed by this incorrect individual instead of myself, nevertheless I completed service on defendant Smith on January 3, 2006.

12. For many years, my company and I have been retained to serve process for The Neuberger Firm, P.A. and its predecessor Thomas S. Neuberger, P.A.

13. It is my normal business practice not to leave service with unauthorized individuals when I am unable to reach an authorized individual.

14. When I personally served process on defendant Smith, I did it as follows.

15. Process was served by me on this defendant at the location listed on the Summons and Service of Summons that has been filed in this case.

16. I have only rarely ever served process on a priest in my 20 year career. Given the

uniqueness of serving process on a priest, I distinctly and vividly recall completing service upon defendant Smith at the Immaculate Conception Priory on January 3, 2006.

17. The location is a secure Priory residence. I was not allowed to enter the dwelling.

18. When I arrived at the Immaculate Conception Priory, I knocked on the front door. A gentleman answered the door and identified himself as Rev. Bagnato. I specifically asked for Rev. Edward Smith. Rev. Bagnato informed me that while Smith lived there, he was currently on vacation. He indicated he was authorized to accept service for defendant Smith.

19. Rev. Bagnato was a white male with glasses and approximately 50 years of age, 5 ft. 8 inches in height, and 185 pounds. He confirmed that he resided at the Priory as well.

20. Given that Rev. Bagnato also confirmed that he resided at the dwelling and was of suitable age and discretion to accept service, I duly served process upon him for defendant Smith.

21. Additionally, after review of D.I. 5 I realized that I misspelled Rev. Bagnato's name on the Return of Service. "Rev. Bennoto" should be read "Rev. Bagnato." However, the description of Rev. Bagnato as stated is accurate.

Robert DeLacy

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2007.

Whitwell / Pleadings / DeLacy Declaration