# THE NEUBERGER FIRM

ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*

*(LICENSED ONLY IN PA AND NJ)

PHONE: (302) 655-0582
Fax: (302) 655-9329

February 7, 2007

**VIA HAND DELIVERY and CM/ECF**

The Honorable Sue L. Robinson
Lock Box 31
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE: **Whitwell v. Archmere, et al., C.A.No. 05-796-SLR**
**Letter Motion Regarding D.I. 5 and Request for a Second Default Hearing**

Dear Chief Judge Robinson:

On January 30, 2007, a default hearing was held to address Plaintiff's Motion for the Entry of a Default Judgment against defendant Edward Smith. (D.I. 11). After hearing Plaintiff on his motion, the Court ordered that a default judgment be entered and a jury trial on damages be held.

During this hearing Plaintiff asked that the record be left open so that he could submit a supplemental affidavit by the process server stating that he effectively served defendant Smith as illustrated in the return of service. (D.I. 5). Plaintiff has filed two affidavits addressing this issue of service. (D.I. 27 and 28).

At the time of the hearing, I brought to the Court's attention the fact that Rev. Bagnato's name was misspelled as "Rev. Bennoto." Thereafter, upon further review of D.I. 5 and in speaking with the process serving company, D.M. Professional Services, Inc., it came to my attention that there were two additional inadvertent mistakes. First, the date listed on the Return of Service states that service was completed on January 3, 2005. The correct date is January 3, 2006. (*See* Unsworn Supplemental Affidavit of Ronald Lennon Regarding D.I. 5 Under 28 U.S.C. § 1746 ¶3; Unsworn Affidavit of Robert Delacy Regarding D.I. 5 Under 28 U.S.C. § 1746 ¶3; D.I. 27 and 28). Second, the individual who signed the Return of Service, Ronald Lennon,

The Honorable Sue L. Robinson
February 7, 2007
Page 2

was not the individual who effectuated service on defendant Smith. In fact, Robert Delacy served defendant Smith at the Immaculate Conception Priory on January 3, 2006. (*See* Lennon Affidavit ¶4; Delacy Affidavit ¶4). In an effort to alleviate a backlog of cases needing service of process, Robert Delacy decided to serve defendant Smith and failed to notify the secretary that he had completed service, and not Ronald Lennon. (Delacy Affidavit ¶¶5-8). The secretary then typed up the Return of Service and submitted it to Ronald Lennon for his signature, which he then inadvertently signed. (Id. at ¶9-10). Nevertheless, on January 3, 2006, Robert Delacy completed proper service upon defendant Smith. (Id. at ¶11).

As an officer of this Court, it is my duty to disclose these errors to the Court. While I am extremely embarrassed at having to consume the Court's time addressing these issues, the errors contained on the Return of Service are purely technical and did not effect service on defendant Smith. Under Federal Rule of Civil Procedure 4(l), the Court may allow proof of service to be amended. "As long as the summons is sufficiently accurate to provide notice, an amendment probably will be allowed and the error deemed harmless." C. Wright & A. Miller, 4A Federal Practice and Procedure s 1080, at 460 (2002).

Here, defendant Smith was properly served under Rule 4 and had actual notice of the claim being brought against him. These errors are technical and did not effect the service on him. "When the error goes to form rather than substance...and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a United States district court should refuse to permit the amendment." Witherow v. The Firestone Tire & Rubber Company, 530 F.2d 160, 167 (3d Cir. 1976); Smith v. Boyer, 442 F.Supp. 62, 63-64 (D.C.N.Y. 1977); *see also* C. Wright & A. Miller, 4B *Federal Practice and Procedure* s 1131, at 290 (2002). Defendant Smith obviously received service of the Complaint as he hired an attorney who requested an extension in which to file his Answer. (*See* testimony of Stephen Neuberger in D.I. 10 and 11). Thus, Smith suffered no material prejudice from the technical errors contained in the Return of Service as he received the original process, realized it was directed at him and was put on notice of the action against him.

Therefore, Plaintiff respectfully requests that he be allowed to amend his Return of Service on defendant Edward Smith in all requests and that the Court "So Order" this fact.

Then, unless I have additional or contrary instruction from the Court, I will re-file Plaintiff's Motion for an Entry of Default to the Clerk of Court (D.I. 10) as well as Plaintiff's Rule 55(b) Motion for a Default Judgment Against Defendant Smith and for a Trial on Damages. (D.I. 11). This would essentially start the two-step default process anew. Since a trial on damages is scheduled for March 30, 2007, and in the interest of not consuming any more unnecessary time of the Court, Plaintiff could be heard on his re-filed Motion by teleconference prior to the trial or on the morning of trial.

The Honorable Sue L. Robinson
February 7, 2007
Page 3

      I am at the Court's disposal to address this matter further.

Very truly yours,

*Thomas Neuberger* by CAH

Thomas S. Neuberger

cc:    Cmdr. Kenneth Whitwell (via email)

Whitwell \ Letters \ Robinson.03