IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lt. Commander KENNETH J. WHITWELL, U.S. Navy, : : : Plaintiff, : : v. : : ARCHMERE ACADEMY, INC., a Delaware : corporation; CATHOLIC DIOCESE OF : WILMINGTON, INC., a Delaware corporation; : Rev. EDWARD SMITH, individually and in his : official capacity; and Rev. MICHAEL A. : SALTARELLI, in his official capacity, : : Defendants. : | C.A.No.05-796-SLR |

**PLAINTIFF'S SECOND RULE 55(a) MOTION TO THE CLERK
FOR AN ENTRY OF DEFAULT**

Pursuant to Fed.R.Civ.P. 55(a), plaintiff Moves the Clerk to re-enter the default of defendant Edward Smith in this action.

**Facts**

On November 17, 2005, Plaintiff filed his Complaint. (D.I. 1). Service on defendant Smith was achieved on January 3, 2006. (See D.I. 5). Under Fed.R.Civ.P. 12(a)(1)(A), Smith's Answer was due on January 23, 2006,

On January 16, 2006, undersigned counsel received a letter from Tom Burgstrum who indicated he was defendant Smith's personal attorney and that he had received a copy of the complaint from Smith and had reviewed it. Subsequently, Mr. Burgstrum contacted undersigned counsel telephonically and upon request, a 30 day extension of time to Answer the Complaint

was orally granted to Smith. Accordingly, Smith's Answer was due on February 23, 2006.

However, despite the granting of this extension and the passage of more than a year since service was executed, defendant Smith has failed to file either an Answer or any other responsive pleading.[1]

On April 10, 2006, Plaintiff filed his Rule 55(a) Motion to the Clerk for an Entry of Default, as well as his Rule 55(b) Motion for a Default Judgment. (D.I. 10, 11). After the deputy clerk granted Plaintiff's Motion for an Entry of Default (D.I. 23), a default hearing was held on January 31, 2007 and a Default Judgment was entered against Smith. (D.I. 26). However, upon discovering non-material, inadvertent errors contained in the Return of Service for defendant Smith, Plaintiff immediately brought this to the attention of the Court and requested leave to file an amended Return of Service. (D.I. 29). Plaintiff has since done so. (D.I. 30).

## Discussion

Fed.R.Civ.P. 55(a) states that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

As the docket and factual recitation set forth above makes clear, defendant Smith has failed to file an Answer. Nor has he filed a Motion to dismiss or otherwise challenged matters such as service, venue or the sufficiency of the Complaint.[2]

Defendant Smith has defaulted and failed to plead or otherwise defend as required by the

---

[1] Since mid-January of 2006, plaintiff has not been contacted by either Smith or any representative on his behalf.

[2] See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, 16 (1998) (noting that the "words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading").

Federal Rules of Civil Procedure. Accordingly, Fed.R.Civ.P. 55(a) now requires that "the clerk shall enter the party's default."

Plaintiff waives an opening brief in support of this Motion.

                Respectfully Submitted,

                **THE NEUBERGER FIRM, P.A.**

                /s/ Thomas S. Neuberger
                **THOMAS S. NEUBERGER, ESQ. (#243)**
                **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                Two East Seventh Street, Suite 302
                Wilmington, Delaware 19801
                (302) 655-0582
                TSN@NeubergerLaw.com
                SJN@NeubergerLaw.com

Dated: February 27, 2007        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on February 27, 2007, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF and that service upon defendant Smith is not required by the plain text of Fed.R.Civ.P. 5(a) which states, "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them..." Since Plaintiff's Motion does not add any new or additional claims, service is not required.

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ.**

Whitwell / Pleadings / Second Motion for Entry of Default