IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COMMANDER KENNETH J. WHITWELL**, | : : : | |
| Plaintiff, | : : | C.A.No. 05-796-SLR |
| v. | : : | |
| **REV. EDWARD J. SMITH**, | : : | |
| Defendant. | : | |

## VOIR DIRE TO JURY PANEL

Good morning, ladies and gentlemen. I am Chief Judge Robinson, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned Commander Kenneth J. Whitwell v. Rev. Edward J. Smith. Briefly stated, this case is a civil action for childhood sexual abuse brought by plaintiff Kenneth J. Whitwell against the defendant Edward J. Smith.

The trial is expected to last for just two days. Our trial days will run approximately from 9:30 a.m. to 5:00 p.m.

Plaintiff is represented by Thomas S. Neuberger, Stephen J. Neuberger and Raeann Warner of The Neuberger Firm. Defendant is not represented by any attorney and he has chosen not to appear to defend against this case.

In the light of this brief summary, I will ask the panel certain questions, the purpose of which is to: (1) enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by

counsel. If any of you answer any question "yes," please stand up and, upon being recognized by the court, state your juror number. When I have concluded asking all the questions, we will call you to the bench individually to speak with you about your affirmative response or responses.

**HAVE CLERK ADMINISTER THE OATH TO THE PANEL**

1. Is any member of the panel related to the plaintiff?

2. Is any member of the panel related to the defendant or personally acquainted with any officer, director, or employee of, or ever done business with Archmere Academy, a high school located in Claymont, Delaware, or with any member of the religious order of Roman Catholic priests called the Order of the Canons Regular of Prémontré, also known as the Norbertines, which has a religious priory or residence in Middletown, Delaware?

3. Is any member of the panel related to, or personally acquainted with, any of plaintiff's attorneys or ever been represented by any of them or by any associate or member of The Neuberger Firm?

4. Is any member of the panel related to, or personally acquainted with, any of the following individuals who will appear as witnesses in this case:

    - Amy Whitwell, the wife of plaintiff
    - Mrs. Joyce Casey, plaintiff's mother
    - Carol A. Tavani, M.D.
    - Capt. William A. McDonald, M.D., USN

5. Does any member of the panel have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

6. Has any member of the panel ever been a plaintiff or a defendant in a lawsuit?

7.  Has any member of the panel ever served as a juror in a lawsuit?

8.  Does any member of the panel have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

9.  Defendant Smith is a Roman Catholic priest and a member and an official of the Roman Catholic Church. This case involves allegations of sexual abuse of a minor child by a priest. Would such allegations against a priest make it difficult in any way for you to be a juror in this case?

10. Is there anything about your knowledge of the Roman Catholic Church that would make you tend to disbelieve a person who is making accusations of misconduct against a Roman Catholic priest?

11. Is there anything about your knowledge of the Roman Catholic Church that would make you tend to favor a Roman Catholic priest over a person who is accusing him?

12. Do you believe that persons should not be able to sue a Roman Catholic priest or a clergy member of any other religious organization?

13. Do you or any of your family members presently attend, or have you or any of your family members in the past attended, a Roman Catholic Church?[1]

---

[1] As one court has explained, when the religion of the jurors is relevant to or intertwined in the issues in the case, it may be inquired into during jury selection. U.S. v. Somerstein, 959 F.Supp. 592, 595-96 (E.D.N.Y. 1997). In our present case, inquiry into religious membership can show bias or interest since the defendant is an agent or official of a Church and any juror who is such a Church member may be biased in favor of its own church official. See Fed.R.Evid. 610, 1972 Advisory Committee Note ("While the rule forecloses inquiry into the religious beliefs or opinions of a witness for the purpose of showing that his character for truthfulness is affected by their nature, an inquiry for the purpose of showing *interest or bias because of them is not within the prohibition. Thus disclosure of affiliation with a church which is a party to the litigation would be allowable under the rule.*") (emphasis added); U.S. v. Abel, 469 U.S. 45, 52 (1984) ("A witness' and a party's common membership in an organization, even without proof

14. Have you or any of your family members attended the Immaculate Conception Priory in Middletown, Delaware, where Smith presently works and lives?

15. Have you or any of your family members attended Archmere Academy in Claymont where Smith once taught?

16. Have you or any of your family members attended a Roman Catholic elementary, secondary or other school?

17. Have you or any of your family members ever belonged to a Roman Catholic Church organization, such as the Knights of Columbus, or the Catholic Youth Organization?

18. Have you or any of your family members ever been employed by Archmere Academy, the Norbertines, the Roman Catholic Diocese of Wilmington, or any other Roman Catholic organization?

19. Do you consider yourself to be a personal friend of any Roman Catholic priest?

20. Have you or any of your family members ever sought counseling from an employee of the Roman Catholic Diocese of Wilmington, Delaware or from a Roman Catholic Priest or Nun?

21. Is there any reason which would prevent you form being a fair and impartial juror in this case?

22. Does any member of the panel know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or

---

that the witness or party has personally adopted its tenets, is certainly probative of bias."); Brandborg v. Lucas, 891 F.Supp. 352, 358 (E.D.Tex. 1995)("[I]f the issue is relevant to determining the bias or prejudice of a prospective juror then the question is proper.").

ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

          **THE NEUBERGER FIRM, P.A.**

          **/S/ THOMAS S. NEUBERGER**
          **THOMAS S. NEUBERGER, ESQUIRE (#243)**
          **STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
          Two East Seventh Street, Suite 302
          Wilmington, DE 19801
          (302) 655-0582
          tsn@neubergerlaw.com
          sjn@neubergerlaw.com
          Attorneys for Plaintiff

whitwell\trial\voire dire\voire dire draft 4