IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COMMANDER KENNETH J. WHITWELL**, | : | |
| | : | |
| Plaintiff, | : | CIV. NO. 05-796-SLR |
| | : | |
| v. | : | |
| | : | |
| **REV. EDWARD J. SMITH**, | : | |
| | : | |
| Defendant. | : | |

<u>**PRELIMINARY JURY INSTRUCTIONS**</u>

<u>**INTRODUCTION**</u>

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

<u>**THE PARTIES AND THEIR CONTENTIONS**</u>

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are Commander Kenneth J. Whitwell, the plaintiff, and Rev. Edward J. Smith, the defendant.

Plaintiff contends that he suffers from distinct long-term personal injuries and conditions arising from childhood sexual abuse by a Roman Catholic priest, Rev. Edward Smith. By filing his lawsuit he accused Smith of violating his right to be free of assault, battery and childhood sexual abuse under the law of the State of Vermont, and that he also intentionally inflicted emotional distress on Whitwell when he was a minor. Smith has chosen not to defend against these claims and the Court has entered a default judgment against him in this action.

All that remains for you the jury to decide is whether plaintiff has proven that he has suffered such long-term or other personal injuries and conditions, and if so, whether a monetary award against Smith is appropriate.

**DUTIES OF THE JURY**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court – you may not ask questions). Evidence will also consist of

documents and other things received into the record as exhibits.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

3. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of the fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

### CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and the circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your

duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment is not believable.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make his case.

If you determine, based on the evidence and on the instructions which I will give to you, that the defendant's actions proximately caused injuries to plaintiff, then you should award plaintiff such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

- any emotional distress he has suffered in the past or he will suffer in the future.
- any permanent psychiatric or emotional injuries he has suffered.
- any bodily harm he has suffered in the past.
- any humiliation he has suffered in the past or will suffer in the future.
- any fear and anxiety he has suffered in the past or will suffer in the future.
- any loss or impairment of earning capacity he will suffer in the future.
- any medical expenses he will suffer in the future.

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior. There is a two-fold purpose to punitive damages: it is focused individually - to punish the defendant for his wrongdoing, but its second focus is outward to society - to deter

others from similar misbehavior, to serve as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that plaintiff has proven, by a preponderance of the evidence, that the conduct of the defendant, conduct which proximately caused the plaintiff's injuries, was done recklessly, intentionally or maliciously.

Here you may consider the degree of reprehensibility of the defendant's conduct, whether

- the conduct of the defendant evinced an indifference to or a reckless disregard of the health or safety of others,
- the target of the defendant had financial vulnerability,
- the conduct of the defendant involved repeated actions or was just an isolated incident, and
- the harm was the result of intentional malice, trickery, or deceit, or mere accident.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means he has to produce evidence which, considered in the light of all the facts, leads you to believe that what he claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on his side. If he fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, therefore, you should put it out of your

mind.

## **CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, take on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete

outline of the proceeding or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day.  And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases.  We have now completed the first two phases – your selection as jurors and these preliminary instructions  The remaining stages are:

(3)    Opening statement which is intended to explain to you what the side intends to prove and is offered to help you follow the evidence.

(4)    The presentation of the evidence which will include live witnesses, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal.  So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this case.

This case is expected to take two days to try. We will normally begin the day at 9:30 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to 5:00 P.M. There will be a fifteen minute break at 11:00 A.M., and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.

Whitwell\trial\prayers/preliminary jury instructions 01