IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COMMANDER KENNETH J. WHITWELL,** | : : : | |
| Plaintiff, | : : | C.A.No. 05-796-SLR |
| v. | : : | |
| **REV. EDWARD J. SMITH,** | : : | |
| Defendant. | : | |

## WITNESS LIST

                               **THE NEUBERGER FIRM, P.A.**
                               **Thomas S. Neuberger, Esquire (#243)**
                               **Stephen J. Neuberger, Esquire (#4440)**
                               Two East Seventh Street, Suite 302
                               Wilmington, Delaware  19801
                               (302) 655-0582
                               TSN@NeubergerLaw.com
                               SJN@NeubergerLaw.com

                               Attorneys for Plaintiff

(7)  The names of all witnesses a party intends to call to testify in person, at the trial and the specialties of experts to be called as witnesses.

**Plaintiff's Statement:**

A.  Fact and expert witnesses

    1.  Commander Kenneth Whitwell, USN (W)

    2.  Mrs. Amy Whitwell, his wife (W)

    3.  Mrs. Joyce Casey, his mother (W)

    4.  Carol A. Tavani, M.D., forensic psychiatrist (W)

    5.  Capt. William A. McDonald, USN, treating psychiatrist. [Capt. McDonald is presently unavailable to testify since he is currently in a war zone at Camp Taqaddum, Iraq. Since cross examination is not an issue, because this is a default judgment proceeding, plaintiff seeks to read to the jury his four page office notes or report on his treatment of plaintiff in lieu of his testimony from the stand. Plaintiff is currently trying to secure from the war zone a Declaration from Capt. McDonald as to the truthfulness of this four page document as a foundation to reading it to the jury. Alternatively, plaintiff will lay the foundation for the documents truthfulness, the truthfulness of the U.S. Navy officer, and his unavailability, so that the document can be read to the jury as the testimony of this witness who is unavailable. See FedR.Evid. 803(4)(statements for purpose of medical treatment and diagnosis, the inception of the condition, reasonably pertinent to diagnosis or treatment); 807 (declarant unavailable but statement made under penalty of perjury and the facts are material to damages, it is more probative than other evidence since there is no other testimony of any other

treating physician which can be obtained; and the general purposes of the rules and the interests of justice will be served by the admission of the statements of a Naval officer who is in a war zone and on matters for which he has no interest in being untruthful).

In the alternative, plaintiff is also seeking to admit the document as office notes under the rules in his exhibit list.]