COMMANDER KENNETH J. WHITWELL
v.
REV. EDWARD J. SMITH

<u>Civil Action No. 05-796-SLR</u>

## PRELIMINARY JURY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are Commander Kenneth J. Whitwell, the plaintiff, and Rev. Edward J. Smith, the defendant. Plaintiff contends that he suffers from distinct long-term personal injuries and conditions arising from childhood sexual abuse by a Roman Catholic priest, Rev. Edward Smith. By filing his lawsuit, he accused Smith of violating his right to be free of assault, battery and childhood sexual abuse under the law of the State of Vermont, and that he also intentionally inflicted emotional distress on Whitwell when he was a minor. Smith has chosen not to defend against these claims and the Court has entered a default judgment against him in this action. All that remains for you the jury to decide is whether plaintiff has proven that he has suffered such long-term or other personal injuries and conditions, and if so, whether a monetary award against Smith is appropriate.

### DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your

duties as jurors in this case. It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses and of documents and other things received into the record as exhibits. Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

3. Anything you may have seen or heard outside the courtroom is not

evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of the fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

### CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and the circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment is not believable.

### SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow

the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make his case.

If you determine, based on the evidence and on the instructions which I will give to you, that the defendant's actions proximately caused injuries to plaintiff, then you should award plaintiff such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

- any emotional distress he has suffered in the past or he will suffer in the future.

- any permanent psychiatric or emotional injuries he has suffered.

- any bodily harm he has suffered in the past.

- any humiliation he has suffered in the past or will suffer in the future.

- any fear and anxiety he has suffered in the past or will suffer in the future.

- any loss or impairment of earning capacity he will suffer in the future.

- any medical expenses he will suffer in the future.

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior. You may award punitive damages if you find that plaintiff has proven, by a preponderance of the evidence, that the conduct of the defendant, conduct which proximately caused the plaintiff's injuries, was done recklessly, intentionally or maliciously.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means he

4

has to produce evidence which, considered in the light of all the facts, leads you to believe that what he claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on his side. If he fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceeding or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

The trial will now begin. First, plaintiff's counsel may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what plaintiff intends to prove and is presented to help you follow the evidence as it is offered.

After the opening statement, plaintiff will present his evidence.

After all of the evidence is presented, plaintiff's counsel will present a closing argument to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

Depending on how the presentation of evidence goes, I may ask you to stay a little later this evening and/or come in a little early tomorrow morning, but we'll address our schedule further this afternoon.