CHARGE TO THE JURY


COMMANDER KENNETH J. WHITWELL

v.

REV. EDWARD J. SMITH

Civil Action No. 05-796-SLR


Robinson, C. J.
March 30, 2007

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | INTRODUCTION | 1 |
| 2. | JURORS' DUTIES | 2 |
| 3. | THE PARTIES AND THEIR CONTENTIONS | 3 |
| 4. | EVIDENCE DEFINED | 4 |
| 5. | CONSIDERATION OF EVIDENCE | 5 |
| 6. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 6 |
| 7. | NOT REQUIRED TO PUT IN ALL EVIDENCE | 7 |
| 8. | CREDIBILITY OF WITNESSES | 8 |
| 9. | NUMBER OF WITNESSES | 9 |
| 10. | VERDICT BASED ON EVIDENCE | 10 |
| 11. | CONSIDERATION OF EVIDENCE | 11 |
| 12. | BURDEN OF PROOF | 12 |
| 13. | INJURIES - CAUSATION | 13 |
| 14. | DAMAGES GENERALLY | 14 |
| 15. | DAMAGES FOR EMOTIONAL DISTRESS | 16 |
| 16. | PUNITIVE DAMAGES | 18 |
| 17. | EFFECT OF INSTRUCTIONS AS TO DAMAGES | 21 |
| 18. | DELIBERATION AND VERDICT | 22 |
| 19. | DUTY TO DELIBERATE | 23 |
| 20. | UNANIMOUS VERDICT | 24 |
| 21. | COURT HAS NO OPINION | 25 |

## 1. **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2. **JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has carried his burden to prove that the defendant is liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence you decision in any way.

2

### 3. THE PARTIES AND THEIR CONTENTIONS

The parties in this case are Commander Kenneth J. Whitwell, the plaintiff, and Rev. Edward J. Smith, the defendant.

Plaintiff contends that he suffers from distinct long-term personal injuries and conditions arising from childhood sexual abuse by a Roman Catholic priest, Rev. Edward Smith ("Smith"). By filing his lawsuit he accused Smith of violating his right to be free of assault, battery and childhood sexual abuse under the law of the State of Vermont, and that he also intentionally inflicted emotional distress on Whitwell when he was a minor. Smith has chosen not to defend against these claims and the Court has entered a default judgment against him in this action.

All that remains for you the jury to decide is whether plaintiff has proven that he has suffered such long-term or other personal injuries and conditions, and if so, whether a monetary award against Smith is appropriate.

## 4. EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 5. **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 6. **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 7. NOT REQUIRED TO PUT IN ALL EVIDENCE

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

## 8. CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and of the value, weight, and sufficiency of their testimony.

You should carefully consider all of the testimony that has been given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, demeanor, and manner while on the stand. Consider the witness' ability to observe the matters to which he has testified, and whether that witness impresses you as having an accurate recollection of those matters. Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

## 9. **NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 10. **VERDICT BASED ON EVIDENCE**

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatever except a fair and impartial consideration of the evidence. Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision. The Court does not charge you not to sympathize with the plaintiff or the defendant, because it is only natural and human to sympathize with persons involved in litigation. But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

## 11. CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 12. **BURDEN OF PROOF**

This is a civil case. Plaintiff has the burden of proving his damages by what is called a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that that evidence, when considered and compared with the evidence opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. It is not necessary for any party to prove any assertion beyond a reasonable doubt.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiffs has met his burden of proof on various issues.

12

## 13. INJURIES - CAUSATION

After the entry of a default judgment against Smith by the court, he is only required to compensate plaintiff for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate result of defendant's actions.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. In other words, there must not only be a causal link, but a direct one, with no intervening causes. Thus, to award damages, the defendant's conduct must be the proximate cause of any damages you find plaintiff has suffered.

You may not compensate plaintiff for damages for which defendant's conduct is *not* a cause. Therefore, you may not compensate plaintiff for the damages for any injuries he received from any other source.

## 14. DAMAGES GENERALLY

If you determine that the defendant violated any rights of the plaintiff and that any such violation was also the proximate cause of damages to him, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to plaintiff and for any damages he may suffer in the future as a result of the alleged wrongs. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

One principle of law is that the damages to be recoverable must be proven with reasonable probability and not left to speculation. Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss has occurred or will exist in the future.

If you determine based on the evidence and on the instructions which I have given you, that the defendant is liable to plaintiff, then you should award plaintiff such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

- Such sum of money as will reasonably compensate him for any emotional distress he has suffered in the past or he will suffer in the future.
- Such sum of money as will reasonably compensate him for any permanent psychiatric or emotional injuries he has suffered.
- Such sum of money as will reasonably compensate him for any bodily harm he has suffered in the past.

14

- Such sum of money as will reasonably compensate him for any humiliation he has suffered in the past or he will suffer in the future.

- Such sum of money as will reasonably compensate him for any fear and anxiety he has suffered in the past or he will suffer in the future.

- Such sum of money as will reasonably compensate him for any loss or impairment of earning capacity he will suffer in the future.

- Such sum of money as will reasonably compensate him for any reasonable and necessary medical and other expenses he will suffer in the future.

For example, plaintiff claims that, because of his childhood sexual abuse experience, he will be retiring from the Navy years before he had intended. He asks you to award him damages based upon the difference in his pension benefits generated from his anticipated early retirement. He has not yet submitted his resignation to the Navy and, of course, his future course of action cannot be known today. Therefore, you should consider whether this element of damages is not reasonably certain and too speculative a basis upon which to award damages.

15

## 15. DAMAGES FOR EMOTIONAL DISTRESS

Probably the most difficult element of damages to assess is emotional distress and mental suffering. You are instructed that there is no set standard or yardstick to measure the monetary value of such suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate plaintiff for the emotional distress or mental suffering you find he has experienced in the past and which you find he will experience in the future, which was proximately caused by the defendant's actions.

While plaintiff carries the burden of proving his damages by a preponderance of the evidence, he is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing his damages for such suffering. It is required only that a plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages. Under Vermont law, in actions for intentional wrongs, such as the assaults and batteries in our case, damages are recoverable for mental suffering consisting in a sense of insult, indignity, humiliation, or injury to the feelings.

In evaluating such an award, you should look to the evidence and consider the length of time of the suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent. You should consider the effect it has had on plaintiff's life in the past. Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate him.

The law does not describe any definite standard by which to compensate an injured person for such injury, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Nor are the attorneys permitted to suggest figures to you.

## 16. PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior. There is a two-fold purpose to punitive damages: it is focused individually - to punish the defendant for his wrongdoing, but its second focus is outward to society - to deter others from similar misbehavior, to serve as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that plaintiff has proven, by a preponderance of the evidence, that the conduct of the defendant, conduct which proximately caused the plaintiff's injuries, was done recklessly, intentionally or maliciously.

Under Vermont law, you may award punitive damages if you find that plaintiff has proven the defendant's wrongdoing was intentional and deliberate, and has the character of outrage frequently associated with crime. Punitive damages also are recoverable where there is actual malice, shown by conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights."

You may consider the degree of reprehensibility of the defendant's conduct. Here you can consider whether -

- the conduct of the defendant evinced an indifference to or a reckless disregard of the health or safety of others,

- the target of the defendant had financial vulnerability,

- the conduct of the defendant involved repeated actions or was just an isolated incident, and

17

•    the harm was the result of intentional malice, trickery, or deceit, or mere accident. A recidivist may be punished more severely than a first offender and repeated conduct is more reprehensible than an individual instance of malfeasance.

Punitive damages are purely discretionary with the jury. You may, but do not have to, award punitive damages, even though you may have found that a right of plaintiff has been violated. Punitive damages are not appropriate and can not be awarded when a defendant acts with the distinct belief that his action is lawful. You may not award punitive damages against the defendant if you find that the defendant was not aware that his actions might violate either plaintiff's rights or if the defendant honestly believed that his actions that violated any rights of plaintiff were permissible.

There is no mathematical formula to apply in determining punitive damages. The amount of such damages, if any, is left to the sound judgment of the jury. In determining the amount of punitive damages, you should consider such things as the circumstances surrounding the particular defendant's actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the harm to plaintiff, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate. If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

18

## 17. **EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I have instructed you about damages should not be considered as my

suggesting which party is entitled to your verdict in this case. Instructions about the measure of

damages are given for your guidance only if you find that any award of damages is appropriate.

## 18. DELIBERATION AND VERDICT

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your vote. For example, do not write down or tell anyone that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay a secret until you are finished.

## 19. DUTY TO DELIBERATE

When you retire to the jury room you will be free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each others views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the either plaintiff has carried their burden of proof on all the elements of their case, as I have just described them.

21

## 20. UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form. You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## 21.  COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.