IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMMANDER KENNETH J. WHITWELL: | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 05-796-SLR |
| | : | |
| REV. EDWARD SMITH | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Defendant, Rev. Edward Smith ("Fr. Smith"), by and through the undersigned counsel, moves this Honorable Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an Order Governing the Production and Exchange of Confidential Information. In support of this motion, Fr. Smith states as follows:

1. The Court has broad discretion to regulate discovery. See Fed. R. Civ. P. 26. This authority includes the power to enter a protective order requiring that information or documents identified by a party as confidential be handled in a specific manner. See Fed. R. Civ. P. 26(c). Rule 26(c) provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Id.

2. Rule 26(c) requires that the party seeking a protective order demonstrate "good cause" to support the order. Fed. R. Civ. P. 26(c). "In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994) (citing Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv.L.Rev. 427, 432-33 (1991)). The Court must balance the requesting party's need for the information "against the injury that might result if uncontrolled disclosure is compelled." *Id.*

3. There is good cause for entry of a protective order regulating the production and exchange of confidential information in this case. Exhibit A to the subpoena, for example, requests the following:

> Your driver's license.
>
> Your birth certificate.
>
> Your current credit card or cards.
>
> Any documents which refer or relate to any credit card which you ever used from 2000 to the present, or from 1978 to 1999.
>
> All documents which refer or relate to any bank account (checking, savings, deposit or of any other nature) over which you presently have possession, custody or control, or ever had such control from 1978 to the present.
>
> All documents which refer or relate to any tangible personal property, cash instruments of deposit, accounts, notes receivable, stocks, bonds, other types of investments of deposit, accounts, notes receivable, stocks, bonds, other types of investment securities, negotiable instruments, life insurance, real estate, or other assets of any nature whatsoever in which have a legal or equitable interest.

United States District Court Subpoena (attached hereto as Exhibit 1). Documents produced in accordance with this subpoena include sensitive, private, financial

information such as bank account numbers, credit card numbers and Social Security numbers, among other private information.

4. The disclosure of such information poses a substantial risk of identity theft. Federal law criminalizing identity theft covers "identification document[s]" such as those issued by a government for the purpose of identifying individuals and "means of identification" including name, social security number, date of birth, and driver's license, exactly the type of information being subpoenaed in this case. See 18 U.S.C. § 1028(d)(3), (7) (2007). Delaware's identity theft law similarly protects "personal identifying information" which the statute defines as "name, address, birth date, Social Security number, driver's license number, telephone number, financial services account number, savings account number, checking account number, credit card number, debit card number, identification document or false identification document, electronic identification number, educational record, health care record, financial record, credit record, employment record, e-mail address, computer system password, mother's maiden name or similar personal number, record or information." Del. Code Ann. tit. 11, § 854 (2007).

5. The discovery requests propounded by the Plaintiff require the disclosure of sensitive financial information that is legally protected. Fr. Smith has a recognizable privacy interest in information concerning his financial affairs. See Rhinehart v. Seattle Times Co., 654 P.2d 673, 690 (Wash 1982). aff'd, 467 U.S. 20 (1984). If this information were to become public, it would "understandably result in annoyance, embarrassment, and even oppression." See id.

6. Pursuant to D. Del. LR 7.1.1, the parties have attempted to reach an agreement on this matter, but have been unsuccessful.  See Letter from Kathleen M. Jennings to Thomas S. Neuberger enclosing Proposed Stipulated Protective Order Governing the Production and Exchange of Confidential Information (attached hereto as Exhibit 2); and Email from Thomas S. Neuberger (attached hereto as Exhibit 3).  The proposed order would not impair the Plaintiff's ability to determine the location and extent of Fr. Smith's assets.[1]  There is no reason for the Plaintiff to oppose a confidentiality agreement for discovery in this case unless he has an interest in making public the information that will be produced.

7. This case has received a great deal of publicity.  The entry of default judgment and the trial regarding damages were reported in *The News Journal*.  Soon after counsel for Fr. Smith sent a letter to the Plaintiff's attorney indicating that she would be representing the Defendant, an article appeared in *The News Journal* disclosing that information.  See News Journal Article (attached hereto as Exhibit 4).  Indeed, without a confidentiality order, once the documents being subpoenaed are in the public arena, Fr. Smith has absolutely no protection from any person who chooses to disseminate or use private information for any number of illegal or harassing purposes.

8. Making Fr. Smith's private financial information public serves no purpose in executing the judgment.  Discovery is generally conducted in private as a matter of modern practice.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984).  Moreover, there has never been a right of the public to be present at a deposition without the

---

[1] Fr. Smith is today producing to Plaintiff documents marked "Confidential" in accordance with D. Del. LR 26.2, which limits disclosure to counsel of record and members of his firm until the Court decides this motion.

4

permission of the parties at such proceedings.  See Bal v. Hughes, No. 92 Civ. 5453 JFK AJP, 1995 WL 244757 (S.D.N.Y. Apr. 26, 1995).

9. The proposed protective order provides for production of documents to Plaintiff's counsel, who can proceed to determine all sources of assets available in execution of the judgment.  There is good cause to enter a protective order that allows the Plaintiff to proceed with discovery in execution of the judgment, but that protects Fr. Smith's confidential and sensitive information that could subject him to identity theft and harassment if released publicly.

10. Pursuant to D. Del. LR 7.1.2(a), Fr. Smith waives his right to file an opening brief.

**WHEREFORE,** the Defendant respectfully requests that this Honorable Court enter an Order governing the production and exchange of confidential information.

                OBERLY, JENNINGS & RHODUNDA, P.A.

                /s/ Kathleen M. Jennings
                Kathleen M. Jennings (No. 913)
                1220 Market Street, Suite 710
                P.O. Box 2054
                Wilmington, DE  19899

                Attorneys for Defendant

Dated:  May 4, 2007