AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     DELAWARE

Commander Kenneth J. Whitwell
V.

Rev. Edward J. Smith

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CIV. NO. 05-796-SLR

TO: Rev. Edward J. Smith
Immaculate Conception Priory
1269 Bayview Road, Middletown, DE 19709

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| The Neuberger Firm, 2 E. 7th St., Suite 302, Wilmington, DE 19801 | Wednesday, June 20, 2007 10 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A which is attached

| PLACE | DATE AND TIME |
| --- | --- |
| The Neuberger Firm, 2 E. 7th St., Suite 302, Wilmington, DE 19801 | Friday May 4, 2007, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Thomas S. Neuberger*    Attorney for Plaintiff | April 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas S. Neuberger, Esq., The Neuberger Firm, 2 E. 7th St., Wilmington, DE 19801, 302.655.0582

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

The term "document" means anything within the scope of Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001, which is in your custody, possession or control, including, without limitation, letters, emails, financial records or information stored on a computer.

**Tax Returns**

1. Your federal, state and local income tax returns for the years 2000 to the present.

2. Your federal, state and local income tax returns for the years 1978 to 1999.

3. All supporting documents used in the preparation of the tax returns noted in items 1 and 2 above.

4. All correspondence, letters and emails received from or sent to any tax preparer, certified public accountant, public accountant or attorney which refer or relate to items 1 and 2 above.

5. Any W-2, 1099, 1098 or other evidence of income which you received for the years 1978 to the present.

**Trusts**

6. If you are the beneficiary of any Trust, Testamentary Trust, Last Will and Testament, or other estate planning device created by either your deceased father Edward G. Smith, and/or your deceased mother Catherine I. Smith, nee Rossiter, or any other individual, all documents which refer or relate to that Trust, Testamentary Trust, Last Will and Testament or other estate planning device.

7. The written Trust or other legal document which authorized you to receive any cash or other financial benefit during the years 1982 to 1986, or from 1987 to the

present.

8. All correspondence or other documents received from the Trustee or Settlor of any Trust, Testamentary Trust, Last Will and Testament or other estate planning device, under which you are a beneficiary, from the year 1978 to the presence.

9. All accountings you have received which refer or relate to item 6 above.

10. All documents you have received from any Bank or other financial institution which refer or relate to item 6 above.

11. All documents which refer or relate to funds or other assets which are held for your benefit and which are deposited in any banks or other institutions anywhere in the world, including Rome, Italy, or the Vatican.

**Probate**

12. The death certificates of your mother, Catherine I. Smith, nee Rossiter, and your father, Edward G. Smith.

13. Any obituary which was printed in any newspaper about the death of your mother or father.

14. The Last Will and Testament of your father.

15. The Last Will and Testament of your mother.

16. All documents received from the attorneys for the estate of your father.

17. All documents received from the attorneys for the estate of your mother.

18. The inventory of the assets of the estate of your father.

19. The inventory of the assets of the estate of your mother.

20. The final accounting for the estate of your father.

21. The bills from the undertaker for the funeral of your father and the funeral of you mother by the Ruffenach Funeral home in Philadelphia, and the cancelled checks showing payment of those bills.

22. The bills from the cemetery for the burial plots for your father and mother and the cancelled checks showing payment of those bills.

23. The bills from the florists for the funerals for your mother and father and the cancelled checks showing payment of those bills.

**Computers**

24. Your laptop computer, and any predecessor.

25. Your personal home computer, and any predecessor.

26. Your office computer, and any predecessor.

**Finances**

27. Your driver's license.

28. Your birth certificate.

29. Your automobile title.

30. The title to any automobile you have used regularly from 1978 to the present

31. The title to the Mercury-Cougar automobile you drove with plaintiff.

32. Your current credit card or cards.

33. Any documents which refer or relate to any credit card which you ever used from 2000 to the present, or from 1978 to 1999.

34. Your current MAC card.

35. Your last monthly bank statement.

36. Any monthly bank statements you received from 2000 to the present, or from 1978 to 1999.

37. Your check book.

38. All records for your current checking account.

39. The checking account records for any account from which a check was made to your order, or for cash, from 1978 to the present.

**Past purchases**

40. All documents which refer or relate to your payment for the two ski trips to Killington, Vermont in which you participated with plaintiff in 1984 and 1985.

41. All documents which refer or relate to your purchase of any of the following gifts to plaintiff when he was a student: football jerseys, sweats, ski sweaters, jackets, pants, ski equipment, music equipment, stereo receiver, tape deck, phonograph player, speakers, snow mobile.

42. All documents which refer or relate to the source for the money which was used for the purchases identified in items 40 and 41 above.

**Other assets**

43. All documents which refer or relate to any bank account (checking, savings, deposit or of any other nature) over which you presently have possession, custody or control, or ever had such control from 1978 to the present.

44. All documents which refer or relate to any bank account (checking, savings, deposit or of any other nature) from which money has ever been taken and paid out to you or for your benefit.

45. All documents which evidence your last paycheck or pay stub.

46. All documents which refer or relate to any pension plan, IRA or other retirement account of which you are the beneficiary.

47. All documents which refer or relate to any tangible personal property, cash, instruments of deposit, accounts, notes receivable, stocks, bonds, other types of investment securities, negotiable instruments, life insurance, real estate, or other assets of any nature whatsoever in which you have a legal or equitable interest.

48. All documents which refer or relate to any bank accounts or financial instruments outside the United States in which you have a legal or equitable interest.

49. All documents which refer or relate to any type of boat, glider, airplane or other machine or device used to travel in which you have a legal or equitable interest.

50. All documents which refer or relate to any type of real property in which you have a full or partial legal or equitable interest.

51. All documents which refer or relate to any letters of credit in which you have a legal or equitable interest.

52. All documents that refer or relate to any security interests, mortgages or certificates of title in which you have a legal or equitable interest.

53. All documents which refer or relate to any dividend or royalty payments in which you have a legal or equitable interest.

54. All documents which refer or relate to any business in which you have a legal or equitable interest, including stock ownership, partnership interest or proprietorship, or which identify the present value of that interest.

**Family**

55. All correspondence or email between you and your deceased half brother Joe Keating, or his daughter and your niece Anne Melanson, or your half brother Theodore J. Keating, now of Florida, from January 1, 1978 to the present.

56. All documents which refer or relate to the sale of any real or personal property owned by your father or mother at any time from the death of your father to the present.

57. All documents which refer or relate to any real, personal or other property in which you have an interest which has not been covered by the above items.

58. All documents which refer or relate to any debts or monies owed to you by any individual, corporation, company and/or business entity.

59. Your most recent job description.

60. Your most recent resume or curriculum vitae.

61. All documents which refer or relate to the transfer of cash to you by any family member from the date of the death of your father to the present.

62. All documents which identify the personal attorneys for your father or your mother during their lifetime up to the time of their death.

63. All documents which identify all banks used by your father, your mother or your father's business during their lifetimes.

64. Your latest financial statement.

Whitwell/execute jdgmt/ex A