**Amy Lucey**

| | |
|---|---|
| **From:** | Thomas S. Neuberger [TSN@neubergerlaw.com] |
| **Sent:** | Wednesday, May 02, 2007 2:35 PM |
| **To:** | Kathleen Jennings |
| **Cc:** | Cheryl A. Hertzog, Esq.; Raeann Warner, Esq.; Stephen J. Neuberger (work); Thomas Stephen Neuberger, Esq. |
| **Subject:** | Whitwell execution process |
| **Attachments:** | Jennings letter May 2 2007.pdf |

Kathy,

I am engaging in execution discovery against your client Rev. Smith, against whom there is a $41 million dollar judgment.

At your request I vacated his original deposition set for Friday May 4, 2007 and we have rescheduled it for late June to accommodate your schedule. But I did not agree to lift the document production scheduled for May 4th and we agreed that you would produce documents on that date.

Now it looks to me that you are trying to insert another condition to my discovery. I have received from you the attached lengthy overbroad draft protective order which allows virtually all discovery in this matter to be placed under seal and even all deposition testimony. I cannot accede to your request and enter into such an overbroad order at this late stage in this case.

If there is any document which you are producing which you as an attorney legitimately feel could lead to identity theft of your client, just stamp it "attorney and client's eyes only" and then Steve, our client and I will honor that designation for now, while we later try to address any legitimate need you may feel could be addressed by a protective order.

But I will not, after my client was a victim of rapes and assaults by your client and after a jury has entered a substantial judgment against your client, enter into any protective order which could limit my ability: to search far and wide for assets hidden away by your client or to contact any persons or institutions in other states as I follow up leads as to hidden assets. This includes using the SSN of your client, which I already have, and using bank account numbers.

Your client should have thought about concerns surrounding a judgment against him before he raped my client. Now is not the time to try to prevent me from fully assessing his asset structure. Now is the time for cooperation so that my client and I can conclude that your client is acting in good faith so that I do not have to use the contempt powers of the court against him.

As you know, we are trustworthy lawyers and we will protect any legitimate interest of your client. But now is not the time to drag his feet in cooperating in the execution process.

I look forward to the receipt of your document production and our later meeting about your client turning over his assets to mine to satisfy the judgment. Hopefully we also can focus on whether there was insurance coverage for his acts, so that the real enablers of his crimes are brought to account - Archmere, the Diocese and the Norbetines who were so lax that they did not give your client proper employee supervision.

5/4/2007

Tom

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Thomas S. Neuberger, Esquire
The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com

5/4/2007