IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMMANDER KENNETH J. WHITWELL:  
:  
        Plaintiff    :  
:  
v.                   :    C.A. No. 05-796-SLR  
:  
REV. EDWARD SMITH    :  
:  
        Defendant.    :  

**ORDER GOVERNING THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff Commander Kenneth J. Whitwell ("Whitwell") obtained a judgment against Defendant Rev. Edward Smith ("Smith") (collectively, the "Parties" and individually, a "Party") and Whitwell is conducting discovery in aid of execution of the judgment seeking information that is of a confidential and private nature, which could cause Smith harm, such as potential identity theft, if disclosed to the public and which would serve no purpose other than harassment of Smith if disclosed publicly;

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the Parties and any non-Parties to these actions (the "Actions") in connection with discovery in the Actions (such information hereinafter referred to as "Discovery").

1.    All Discovery may be designated as either "Confidential", and the confidentiality of this information, whether provided orally or by a document, shall be maintained, and shall not be disclosed to any other person or entity, except as set forth herein.

2. Counsel for any of the Parties may designate any Discovery as "Confidential" under the terms of this Order only if such in good faith believes that such Discovery contains nonpublic, confidential, proprietary, or financial information ("Confidential Information"). Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Order, and apart from production or disclosure in connection with the Action, a matter of public record or publicly available by law or otherwise. The Party designating Discovery as "Confidential" shall be referred to for purposes of this Order as the "Designating Party." The designation by any Party of any Discovery as "Confidential" shall constitute a representation that such Discovery has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

3. (a) All Discovery, whether or not filed with the Court, that contains or makes reference to Confidential Information for which the Designating Party seeks protections under this Order shall be designated as "Confidential" as follows:

(i) Documents or other tangible discovery material shall, at the time of their production, be so designated by stamping or labeling the same with the legend "Confidential" on each page containing any Confidential Information, except in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential".

(ii) Documents or other tangible discovery material produced by a non-party to the Litigation shall be so designated by the Designating Party providing written notice, within (10) business days of production, to counsel of record for the parties of the bates-numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential".

Counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those specified in Paragraph 7 below until the ten (10) business day Period for designation has expired.

    (iii) Deposition testimony shall be designated "Confidential" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all parties within ten (10) business days after receiving a copy of the transcript thereof, identifying the specific pages thereof designated as "Confidential". In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential" be affixed to the portions of the original and all copies of the transcript containing any Confidential Information. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 7 below until the relevant period for the designation has expired. The parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

    (iv) Non-documentary and non-testimonial material, such as oral statements, shall be so designated orally at the time of disclosure and promptly confirmed in writing.

  (b) Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice in a manner consistent with subparagraph 4(a) above. The receiving party shall thereafter mark and treat materials as "Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated. A person disclosing Discovery that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery from all recipients not entitled to receive such Discovery under the terms of this Order and prevent further disclosures except as

authorized under the terms of this Order. The Receiving Party must submit an affidavit stating that the Receiving Party does not have copies of the Discovery at issue, the Receiving Party has returned all copies of the Discovery at issue and will not use any information contained in the Discovery at issue except in accordance with this Order.

      4.      Except as may otherwise be agreed in writing by the Designating Party or its counsel, all Discovery marked or otherwise identified as "Confidential" and received by any of the Parties to the Actions or by any other person receiving information pursuant to this Order (a) shall be disclosed only to such persons and in such manner as set forth in this Order; (b) shall be used solely for the purposes of executing on the judgment in this Action; and (c) shall not be used for any other purposes.

      5.      Any Discovery designated as "Confidential" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information only to the following persons:

      (a)      The Parties to the Action;

      (b)      Counsel to the Parties who have entered appearances in this Action, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

      (c)      Non-Party Deposition or witnesses in any execution hearing, provided, however, that prior to receiving any Discovery designated as "Confidential," such non-party deposition or trial witness shall execute an Affidavit of Compliance substantially in the form annexed as Exhibit A hereto;

    (d)  Experts and consultants retained by the Parties; provided, however, that prior to receiving any Discovery designated as "Confidential," such experts and consultants shall execute an Affidavit of Compliance substantially in the form annexed as Exhibit A hereto;

    (e)  The Court and any of its staff and administrative personnel, and Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and

    (f)  Any other person only upon order of the Court or upon stipulation of the Designating Party.

  6.  Notwithstanding paragraphs 5(d) above, "Confidential" Discovery may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion; to prepare to testify; or to assist counsel in the execution of judgment obtained in this Action.

  7.  Any non-Party to the Actions may designate any Discovery taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Order, upon such non-Party's written agreement to be subject to and governed by the terms hereof, and such Discovery shall thereafter be handled in accordance with the requirements of this Order.

  8.  Discovery that has been designated as "Confidential" pursuant to the provisions of this Order and that is filed with the Court shall be filed with the Court under seal in accordance with the Special Filing Requirements and Exceptions provisions of the Administrative Procedures Governing Filing and Service by Electronic Means.

  9.  If any brief, memorandum, motion, letter, or other document (a "Filing") is filed under seal with the Court because the Filing would disclose information from Discovery that has been designated "Confidential" pursuant to the provisions of this Order, the Parties shall comply with the

5

Special Filing Requirements and Exceptions provisions of the Administrative Procedures Governing Filing and Service by Electronic Means, including without limitation, the provisions governing the filing of a copy of certain types of Filings for public inspection that omits only the information that the Designating Party believes should continued to be sealed for good cause.

      10.    All Discovery, Filings, and any other material of any nature that has been designated as "Confidential" pursuant to the provisions of this Order (or that otherwise discloses information from Discovery that has been designated "Confidential" pursuant to the provisions of this Order), shall, if filed with the Court, be filed in sealed envelopes marked with the title of this Action and bearing a statement substantially in the following form:

### CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2007, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THE LITIGATION.

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

All such materials so filed shall be released from confidential treatment by the Clerk only upon further order of the Court.

      11.    At any time after the designation of Discovery as "Confidential", counsel for the Receiving Party may challenge the confidential designation for any such Discovery (or portion of such Discovery) by providing counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other item of information challenged and setting forth the reasons for such challenge. In the event that counsel for the Designating Party does not agree to withdraw its claim of

confidentiality, counsel for the Receiving Party shall have ten (10) business days from service of the notice of refusal by the Designating Party in which to seek an order from the Court regarding the confidentiality of the Discovery at issue. There shall not be a presumption of Confidentiality. The confidential status of the Discovery at issue shall be maintained until final ruling by the Court (including the final resolution of any interlocutory appeal from such ruling) on any application by the Receiving Party regarding the confidentiality of the Discovery at issue.

12. Entering into, agreeing to, producing or receiving "Confidential" Discovery pursuant to, and/or otherwise complying with the terms of, this Order, or the taking of any action hereunder shall not:

(a) Constitute or operate as an admission by any Party that any particular document, material, testimony, or thing does or does not contain, reflect or constitute Confidential Information;

(b) Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

(c) Prejudice in any way the rights of any Party to object to the relevancy, authenticity or admissibility into evidence of any document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by any Party that any particular document, material, testimony or thing is or is not relevant, authentic or admissible into evidence at any deposition, at trial, or in a hearing;

(d) Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery or Confidential Information should be subject to the terms of this Order;

7

   (e) Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information;

   (f) Prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery; and/or

  13. If any person receiving Discovery covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to the Actions, seeking Discovery that was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall not produce any of the Designating Party's "Confidential" Discovery, unless otherwise ordered by a court of competent jurisdiction, for a period of at least five (5) business days after providing the required notice to the Designating Party. If, within five (5) business days of receiving such notice, the Designating Party give notice to the Receiver that the Designating Party opposes production of its "Confidential" Discovery, the Receiver shall not thereafter produce such Discovery except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery covered by this Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any further relief from this Court.

14. Knowing or willful violation by any person of any term of this Order shall be punishable as a contempt of court. No provision of this Order shall require any person or corporation not a Party to the Actions to respond to any discovery request, except as my otherwise be required by law. No provisions of this Order shall be deemed to enlarge or restrict the right of any Party to conduct discovery.

15. Any Party seeking enforcement of this Order against any other Party may petition the Court by properly noticed motion.

16. This Order is subject to revocation or modification by order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

It is SO ORDERED this _____ day of _____, 2007.


_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COMMANDER KENNETH J. WHITWELL:
                   Plaintiff    :

    v.                             :        C.A. No. 05-796-SLR

REV. EDWARD SMITH     :
                   Defendant.  :

### **AFFIDAVIT OF COMPLIANCE**

STATE OF _____)
                                            ) ss.
COUNTY OF _____)

_____, being first duly sworn, deposes as follows:

    1.    I have read and understand the Stipulated Protective Order Governing the Production and Exchange of Confidential Material (the "Protective Order") entered in the above captioned action (the "Action"), a copy of which is attached hereto.

    2.    I affirm that I am qualified under Paragraph 5 of the Protective Order to receive access to the Discovery (as that terms is defined in the Protective Order) identified or otherwise marked as "Confidential".

    3.    Except as otherwise provided in the Protective Order, I shall use any Discovery that I receive that is identified or otherwise marked "Confidential" solely for the purposes of execution on the judgment obtained in the Action and shall not use such Discovery for any other purpose.

    4.    I will disclose and discuss any Discovery that I receive that is identified or otherwise marked "Confidential" only with those persons to whom confidential documents and information may be

disclosed in accordance with the terms of the Protective Order. In this regard I am aware of the notice requirements of the Protective Order and anticipate that any issues raised thereby will be addressed by the Court. I will not divulge or make accessible to any other person, or any news entity, governmental agency, or other entity whatsoever any Discovery that I receive that is identified or otherwise marked "Confidential" except in compliance with the Protective Order and this Affidavit of Compliance.

     5.    I agree to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of such Discovery identified or otherwise marked as "Confidential" under the Protective Order.

     6.    I agree that upon the final termination of the execution of the judgment in the Action, I shall return any Discovery identified or otherwise marked as "Confidential" that may be in my possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information), to the attorney from whom I received such documents and materials. In lieu of return of such documents and materials, I may deliver to the attorney from whom I received such documents or materials an affidavit that such materials have been destroyed.

     8.    I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 2007

_____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2007.

2

_____
Notary Public of the State of _____.
My commission expires:

3