# THE NEUBERGER FIRM

ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
RAEANN WARNER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*

*(LICENSED ONLY IN PA AND NJ)

PHONE: (302) 655-0582
Fax: (302) 655-9329

May 18, 2007

**VIA HAND DELIVERY and CM/ECF**

The Honorable Sue L. Robinson
Lock Box 31
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

**RE: Whitwell v. Archmere, et al., C.A.No. 05-796-SLR**
**Letter Motion to Register Judgment in a Foreign District for Good Cause Shown**

Dear Chief Judge Robinson:

      This letter seeks an immediate Order to register judgment entered against Defendant Edward Smith in a foreign district for good cause shown.

      The judgment against defendant Smith is final and he did not appeal. He apparently inherited an interest in his mother's home in South Philadelphia through intestacy and I seek to transfer the judgment against him to the Eastern District in Philadelphia to act as a lien against this property. The clerk advises that since an appeal is pending against the other defendants in this case, the Court first will have to allow the judgment to be transferred before the clerk can do it.

      Judgment in this case against Defendant Edward Smith in the amount of $41,000,000. was entered on April 12, 2007 (D.I. 55). It remains unsatisfied.

      Plaintiff filed a Notice of Appeal on May 10, 2007 (D.I. 63) appealing from the District Court's written opinion (D.I. 21) and Order (D.I. 22), each dated November 30, 2006, which granted defendants Archmere Academy, Inc.'s, Catholic Diocese of Wilmington's, and Rev. Michael A. Saltarelli's motions to dismiss the allegations against them as time-barred. Plaintiff

The Honorable Sue L. Robinson
May 18, 2007
Page 2

did not appeal the final judgment against Defendant Edward Smith.

Through post-trial discovery and documents provided by Smith it is apparent that through the laws of intestacy Smith has inherited a share of his mother's home in Philadelphia, Pennsylvania. Therefore, Plaintiff intends to transfer the judgment to the United States District Court for the Eastern District of Pennsylvania in order to create a lien on that property.

28 U.S.C. § 1963 provides: "A judgment in an action for recovery of money or property entered in any district court....may be registered by filing a certified copy of such judgment in any judicial district...when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court for good cause."

Although an appeal is pending, it is not between these parties. The issues on appeal are not related to the judgment entered against Smith; therefore any possible outcome on appeal could not disturb that final judgment.

Good cause under 28 U.S.C. § 1963 exists "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment." Associated Business Telephone Systs. Corp. v. Greater Capital Corp, 128 F.R.D. 63, 68 (D. NJ 1989); quoting Siegel, *Commentary to 1988 Revision*, 28 U.S.C. 1963 (West Supp. 1989). There is good cause to register the judgment in Pennsylvania as it will ensure some satisfaction of that judgment.

I request an immediate Order to register the judgment in a foreign district for good cause shown, a proposed form of which is attached hereto.


Respectfully yours,

*Thomas S. Neuberger by RW*

Thomas S. Neuberger


TSN:rw

Enclosure


cc:   Jennings, Kathleen, Esquire (w/enclosure by efiling)
      Clerk (w/enclosure by hand)
      Commander Kenneth Whitwell (via email)